25024. BRAGG *v.* THE STATE.

MacINTYRE, J. 1. "While the rule is well established that the conspiracy itself can not be shown from the acts and declarations of one co-conspirator in the absence of the others (this rule being necessary to prevent the finding of the fact of the conspiracy from such acts and declarations alone), yet the acts and declarations made in carrying out the conspiracy are relevant." 2 Wharton's Crim. Ev. (10th ed.) 1673, § 888.

2. After the fact of conspiracy is proved, the declarations by any one of the conspirators during the pendency of the criminal project are admissible against all. Code of 1933, § 38-306.

3. "The acts and conduct of one conspirator during the pendency of the wrongful act, not only in its actual perpetration, *but also in its subsequent concealment*, were admissible against another conspirator." *Smith*, v. *State*, 47 *Ga. App.* 797, 803 (171 S. E. 578). "So also are his sayings pending the common criminal enterprise." *Byrd* v. *State*, 68 *Ga.* 661.

4. A letter was written, addressed and surreptitiously sent by one conspirator, who was in jail, to the defendant, a co-conspirator who was not in jail, asking the co-conspirator to place certain of the properties stolen in a burglary, upon the place of a well known bootlegger, Bob Gillespie, near the scene of the burglary and saying that he would then notify the sheriff, "and we will go over there and find this stuff and we will claim we got it from Bob Gillespie, and we will come out of it." The letter was intercepted and never reached the co-conspirator to whom it was addressed. *Held*, that after the fact of the conspiracy itself had been established, the letter was relevant. This holding is based on the idea that the criminal enterprise was still pending while the conspirators continued to be active in taking measures to prevent the discovery of the crime or the identity of those connected with its perpetration. *Carter* v. *State*, 106 *Ga.* 372, 377 (32 S. E. 345, 71 Am. St. R. 262) ; 16 C. J. 661, 664, §§ 1318, 1325; 2 Wharton's Crim. Ev. (10th ed.) 1672, § 888.

5. There was sufficient evidence to support the verdict and the jury being the judges of the weight of the evidence this court can not disturb the judgment of the lower court refusing a new trial.

> *Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*
> DECIDED NOVEMBER 1, 1935.

*W. B. Mebane, Henry L. Barnett,* for plaintiff in error.
*John C. Mitchell, solicitor-general,* contra.