## S92A0292. BROWN v. THE STATE.
(416 SE2d 508)

FLETCHER, Justice.

Allen Tyrone Brown appeals from his conviction of murder and possession of a firearm during the commission of a crime in relation to the death of Leroy Bruce Sparrow.[1] Appellant was sentenced to life imprisonment for the murder and to a consecutive term of five years imprisonment for the firearm possession charge.

1. Appellant contends that the state failed to carry its burden of

---

[1] The crime occurred on May 1, 1990. Appellant and Bobby Murray were jointly indicted for the crime on August 1, 1990 and were jointly tried on April 22-24, 1991. The jury returned its verdict of guilty on April 24, 1991; appellant and Murray were sentenced on that same day. Murray's conviction was affirmed in *Murray v. State*, 261 Ga. 824 (413 SE2d 453) (1992).

Appellant's motion for new trial was filed on April 30, 1991 and was denied on October 22, 1991. Appellant's notice of appeal was filed on November 4, 1991 and the case was docketed in this court on December 3, 1991. The case was submitted for decision without oral argument on January 17, 1992.

proof beyond a reasonable doubt and that the trial court erred in denying his motion for a directed verdict on that ground. Considering the evidence in a light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found appellant guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant filed a pre-trial motion to sever his trial from that of his jointly indicted codefendant, Bobby Murray. The severance motion was based largely on the state's announced intention to introduce evidence at trial of statements, made by Murray shortly after the crime occurred, in which Murray implicated himself and appellant in Sparrow's murder. The trial court denied the severance motion and appellant contends that such was error. We disagree.

(a) OCGA § 17-8-4 provides, in part, as follows:

> When two or more defendants are jointly indicted for a capital offense, any defendant so electing shall be separately tried unless the state shall waive the death penalty. When indicted for a capital felony when the death penalty is waived, or for a felony less than capital, or for a misdemeanor, such defendants may be tried jointly or separately in the discretion of the trial court. . . .

Factors to be considered by the trial court in exercising its discretion concerning a request for severance are:

> whether a joint trial will create confusion of evidence and law; whether there is danger that evidence implicating one defendant will be considered against another defendant despite cautionary instructions to the contrary; and whether the co-defendants will press antagonistic defenses.

*Murphy v. State*, 246 Ga. 626, 629 (273 SE2d 2) (1980). To be successful, a defendant seeking severance must clearly show that the joinder will result in prejudice to him or her and a consequent denial of due process. *Allen v. State*, 255 Ga. 513 (340 SE2d 187) (1986). The trial court's ruling as to a request for severance will only be overturned where an abuse of discretion on the part of the trial court can be demonstrated. *Jones v. State,* 245 Ga. 592 (266 SE2d 201) (1980).

(b) In his motion, appellant argued that, if the trial court refused to sever the cases and Murray did not take the stand at trial, appellant's right to be confronted with the witnesses against him, as guaranteed by the Sixth Amendment to the United States Constitution, would be violated. The trial court denied the motion, Murray's statements were introduced at trial, and Murray did not take the stand and thus was not available for cross-examination concerning the

statements.

In *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968), the United States Supreme Court held that where a code-fendant's confession implicated the defendant and was introduced into evidence at a joint trial where the codefendant did not take the stand, the defendant was denied his right to confront and cross-examine the witnesses against him as guaranteed by the Sixth Amendment to the United States Constitution. See also *Hill v. State*, 232 Ga. 800 (209 SE2d 153) (1974); *Reeves v. State*, 237 Ga. 1 (226 SE2d 567) (1976).

Murray's incriminating statements were made shortly after the crime occurred, were made prior to arrest, and were non-custodial statements made to acquaintances of Murray and appellant rather than to police officers. Under these circumstances, Murray's statements can be characterized as the declaration of a conspirator rather than as a confession and would be admissible against appellant where the requirements of OCGA § 24-3-5 have been met.

(c) OCGA § 24-3-5 provides:

After the fact of conspiracy is proved, the declarations by any one of the conspirators during the pendency of the criminal project shall be admissible against all.

In order to prove "the fact of a conspiracy," the state must make a prima facie showing, from evidence aliunde the statement it seeks to introduce, of the existence of a corrupt agreement between two or more persons to do an unlawful act. *Park v. State*, 224 Ga. 467 (162 SE2d 359), cert. den., 393 U. S. 980 (89 SC 449, 21 LE2d 441) (1968). Here, not considering Murray's statement, the state introduced sufficient evidence to establish a prima facie case that appellant and Murray were involved in a conspiracy to murder or otherwise harm Sparrow.

The trial court did not abuse its discretion by refusing to sever appellant's trial from that of Murray, nor did the trial court err in permitting the state, after it had satisfied the requirements of OCGA § 24-3-5, to introduce evidence of Murray's statements.[2]

---

[2] Three acquaintances of Murray and appellant testified at trial concerning the incriminating statements Murray had made to them. After the first of the three testified and again in the charge to the jury at the close of the evidence, the trial court correctly charged as to the law concerning conspiracy and as to the fact that a codefendant's statement, when made out of the presence of the defendant, should not be considered by the jury where the state failed to prove the following: that an ongoing conspiracy existed between the codefendants at the time the incriminating statements were made, that the defendant was a party to the conspiracy when the incriminating statements were made by his codefendant, that the incriminating statements were made in the course of or in furtherance of the alleged conspiracy, and that they incriminated the defendant.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 21, 1992.

C. Jackson Burch, for appellant.

Spencer Lawton, Jr., *District Attorney, Larry Chisolm, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Peggy R. Katz, Staff Attorney,* for appellee.