## A94A0421. BLUE v. THE STATE.
### (443 SE2d 635)

JOHNSON, Judge.

Lester Bernard Blue appeals his conviction of five counts of aggravated assault, conspiracy to commit trafficking in cocaine and violation of OCGA § 16-11-120, the Georgia Firearms & Weapons Act. The convictions arose out of events culminating in a shoot-out with police. Two co-indictees pled guilty, and Blue was tried alone.

1. Blue argues that the trial court erred in refusing to give a requested charge on the "two theories" principle. Blue relies on *Lowe v. State*, 208 Ga. App. 49, 53 (3) (430 SE2d 169) (1993) in which this court reversed a case in which the trial judge refused to give a "two equal theories" charge pursuant to § 24-4-6 when all of the evidence presented in the case was circumstantial. We do not have benefit of the exact language of the requested charge in *Lowe*. However, the charge requested by Blue is as follows: "Where the facts in evidence and all reasonable deductions therefrom present two theories, one of guilt and one of innocence, the justice and humanity of law compel the acceptance of the theory which is consistent with innocence." This charge is substantially the same as the charge which was disapproved in *Langston v. State*, 208 Ga. App. 175 (430 SE2d 365) (1993). See also *Johnson v. State*, 210 Ga. App. 99, 102 (2) (435 SE2d 458) (1993), which referred to *Langston*, noting: "[W]e have recently held that this statement of law does not accurately state the principle addressed and should never be given." See also *Kelly v. State*, 212 Ga. App. 278 (442 SE2d 462) (1994).

2. Blue asserts that the trial court erred in denying his motion for a directed verdict of acquittal and makes the related assertion that the evidence was insufficient to support the verdict as a matter of law. "On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence." (Citations and punctuation omitted.) *Curtis v. State*, 208 Ga. App. 720, 721 (431 SE2d 719) (1993). Viewing the evidence in this light, the evidence presented at trial is as follows: Two undercover police officers set up a "reversal" drug sting with Blue and two accomplices. The police testified that three men arrived at the designated place in a large, old, blue car. The two men in the front seat got out of their car to see the kilogram of cocaine which was under the driver's seat in the officers' pickup truck. In turn, one of the officers went over to the car and asked the third man, ultimately identified as Blue, who was seated in the back seat, holding a brown paper bag on his lap, to "flash" him the money. Blue told him he did not want to do the deal in a parking lot. The police officer offered to get a motel room, but before doing so, he wanted to see that the men had brought $25,000 to purchase the cocaine. Blue refused to show it to him, perhaps because the bag actually contained paper napkins, with $200 visible on the top. The officer said that he guessed the deal was not going to happen and started walking back to the pickup. At that point the shooting started. One of the police officers was shot with a handgun and fell to the ground. He looked toward the car and saw Blue lean out the window with a sawed-off shotgun. He heard the shotgun being "racked" and Blue told him not to move. He rolled over and heard a blast and the loud sound of a bullet hitting the ground. After his arrest, Blue gave a statement to police which was introduced at trial. In the statement Blue acknowledges that he stuck the shotgun out of the window of the car, but did not know if it went off or not. The evidence justified the denial of Blue's motion for a directed verdict of acquittal and was sufficient to permit the jury to find Blue guilty beyond a reasonable doubt of all the charges brought against him. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. The trial court did not err in admitting evidence of conversations between the undercover police officers and Blue's co-defendant when evidence linking Blue to any conspiracy to traffic cocaine had not yet been presented. OCGA § 24-3-5 provides: "After the fact of conspiracy is proved, the declarations by any one of the conspirators during the pendency of the criminal project shall be admissible against all." Blue argues that the only evidence which had been offered by the State to establish the conspiracy at the time the statements of the co-conspirators were introduced was the fact that Blue was removed from the car at the time he was arrested. In fact, all of

the evidence that there were three men involved in the planned purchase, as well as the testimony describing the refusal of the man in the back seat of the car to show the purchase money, had already been introduced. "Hearsay statements made by a conspirator during the course of a conspiracy, including the concealment phase, are admissible against all conspirators. At the time [the testimony was] admitted, circumstantial evidence of conspiracy was before the jury. . . . Moreover, the trial judge may admit testimony or statements by co-conspirators before the conspiracy has been proved, provided that such existence is afterwards shown during the trial." (Citations and punctuation omitted.) *Guerra v. State*, 210 Ga. App. 102, 105 (3) (a) (435 SE2d 476) (1993). The trial court did not err in allowing the hearsay statements of co-conspirators.

*Judgment affirmed. Beasley, P. J., and Andrews, J., concur.*

DECIDED APRIL 7, 1994.

*B. Thomas Cook, Jr.*, for appellant.

*J. Tom Morgan, District Attorney, J. Mike McDaniel, Robert E. Statham III, Barbara B. Conroy, Assistant District Attorneys*, for appellee.