## S00A1186. QUINTANILLA v. THE STATE.
### (537 SE2d 352)

THOMPSON, Justice.

Defendant was convicted of malice murder and aggravated assault in connection with the death of Juan Carlos Garcia Bardeles. This appeal follows the denial of defendant's motion for a new trial.[1]

1. Defendant was a member of the East Side Locos gang. The victim was also a member of the gang, but he had distanced himself from gang activities. On the night in question, defendant and several fellow gang members were spray painting their gang logo on buildings and signs. The gang members encountered the victim outside of a convenience store and asked him if he would accept a "violation." The gang administered "violations" by beating errant gang members for 20 or 30 seconds to enforce gang discipline.

The victim was willing to be disciplined. The gang put the victim in a car, and drove to a field.

Defendant, Amilcar Mercado, Ernesto Lopez, Hector Hernandez, and two other gang members took the victim out of the car and led him into the field. Amanda Puckett and Rene Hernandez remained behind. The gang members beat the victim to the ground, and after someone accused the victim of previously shooting at gang members, Lopez pulled out a gun and pointed it at him. However, Lopez did not fire, saying "I can't do it." Defendant then grabbed the gun, said "I'll do it," and shot the victim four times. The victim died as a result of the shooting.

---

[1] Defendant killed Bardeles on July 19, 1997. On June 23, 1998, the grand jury indicted defendant, Roberto Castillo, Rene Hernandez, Ernesto Lopez, and Giovanni Menbreno, and charged them with malice murder, felony murder, and aggravated assault. (A separate count was lodged against Rene Hernandez, charging him with terroristic threats.) Defendant's case proceeded to trial on August 18, 1998, and the jury returned a verdict of guilty on all counts on August 20, 1998. Defendant was sentenced the same day to life for malice murder, and ten years (consecutive) for aggravated assault. The felony murder conviction was vacated. Defendant's timely filed motion for a new trial was denied on February 2, 2000, and defendant filed a notice of appeal on March 2, 2000. The case was docketed in this Court on April 4, 2000, and orally argued on June 19, 2000.

The gang members returned to their cars and drove away. Puckett, who had heard shots, asked what had happened; Hector Hernandez pointed at defendant. Mercado immediately hit Hernandez and told him "to shut up."

Defendant later asked Puckett if she knew who killed the victim. When Puckett said she knew that defendant was the shooter, defendant threatened to kill her if she told anyone.

Several weeks later, Amanda Puckett told a DeKalb County police officer that she had been at the field at the time of the murder. She went to police headquarters and made a statement implicating defendant.

At one point, defendant spoke with Tammie Perry Smith, who had also been a member of the gang, and told her that he shot the victim four times. In so doing, defendant said that Lopez was supposed to do the shooting, but that he could not pull the trigger.

Defendant was subsequently arrested and gave conflicting statements to the police. Although he initially denied that he was at the scene of the shooting, he ultimately admitted that he was there, but added that he was not the trigger man.

The evidence is sufficient to enable any rational trier of fact to find defendant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Defendant asserts the trial court erred in permitting Puckett and Smith to testify concerning the out-of-court statements of Mercado, Hector Hernandez, and Lopez. However, this issue was not preserved for appeal because no objection was raised below. *Earnest v. State*, 262 Ga. 494 (422 SE2d 188) (1992).

3. Defendant asserts he was denied his right to effective assistance of counsel at trial. In this regard, defendant complains that trial counsel (a) failed to object when Puckett and Smith testified as to statements made by Mercado, Hector Hernandez, and Lopez; (b) failed to object to photographs depicting gang graffiti and hand signals; (c) failed to object to Puckett's recorded statement to the police; (d) failed to present evidence that would have discredited Mercado.

To prevail on a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced the defense. *Smith v. Francis*, 253 Ga. 782, 783 (325 SE2d 362) (1985) (citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984)). The first prong of this test cannot be met unless a defendant overcomes the "strong presumption" that his counsel's performance fell within a "wide range of reasonable professional conduct" and his counsel's decisions were "made in the exercise of reasonable professional judgment." Id. The inquiry focuses on the reasonableness of counsel's con-

duct from counsel's perspective at the time of trial. Id. at 784. Thus, the courts will not second-guess counsel's decisions concerning matters of trial strategy and tactics. See *Williams v. State*, 265 Ga. 681 (461 SE2d 530) (1995).

Defendant has failed to show that his counsel's performance was deficient. As we explain below, the hearsay testimony of Puckett and Smith, the photographs depicting gang activities, and Puckett's recorded statement to the police were admissible. Thus, it cannot be said that counsel was ineffective because he failed to object to that evidence. Moreover, counsel's failure to use evidence to discredit Mercado was a matter of trial strategy.

(a) Puckett testified that when the gang returned to the car she asked what had happened; that Hector Hernandez pointed at defendant; and that Mercado immediately hit Hector, indicating that he should "shut up." Smith testified that she was told by Puckett, Mercado, and Lopez, that defendant was the shooter.

Defendant and the declarants were co-conspirators; and the declarants' statements were made during the concealment phase of the conspiracy. *Ottis v. State*, 269 Ga. 151, 154 (3) (496 SE2d 264) (1998). Accordingly, the declarants' statements were admissible against defendant, OCGA § 24-3-5, as long as they bore sufficient indicia of reliability. *Copeland v. State*, 266 Ga. 664, 665 (469 SE2d 672) (1996).

Defendant contends the declarants' statements were not sufficiently reliable to warrant their admission. We disagree. There are four factors that are indicia of reliability: (1) the absence of an express assertion about a past fact; (2) the declarant's personal knowledge of the identity and roles of the participants in the crime, especially the defendant; (3) the possibility that the declarant's statement was founded on a faulty memory was remote; and (4) the circumstances surrounding the statement suggest that the declarant did not misrepresent the defendant's involvement in the crime. Id.

Only the first factor weighs against reliability in this case since a statement that defendant was the trigger man is clearly an assertion of a past fact. The other factors weigh in favor of admissibility. Defendant and declarants were together on the night in question; they all had personal knowledge of the crime and its participants.[2] The possibility that the declarants' statements were based on faulty memories was remote — it is unlikely that anyone would forget the details of a "violation" which culminates in a murder. And it is unlikely that the declarants misrepresented defendant's role because

---

[2] Although Puckett had no personal knowledge that defendant was the shooter, she did know that defendant participated in the "violation," that shots were fired, and that the victim died.

they admitted that they participated in the events leading up to the murder.

In addition, we note that two of the declarants, Mercado and Puckett, testified at trial and were available for cross-examination by defendant. Thus, the purpose behind the hearsay rule was satisfied with regard to their declarations. *Abrams v. State*, 229 Ga. App. 152 (1) (493 SE2d 561) (1997); see *Faircloth v. State*, 253 Ga. 67, 69 (316 SE2d 457) (1984) (modern trend is to allow out-of-court declaration where declarant is present and may be cross-examined).

(b) The State introduced photographs in which defendant and other members of the East Side Locos are seen displaying gang hand signals. Some of the pictures were taken in front of buildings decorated with gang graffiti. This evidence was admissible to show the circumstances surrounding the victim's murder, as well as defendant's motive for the crime. *Mallory v. State*, 271 Ga. 150, 153 (517 SE2d 780) (1999); *Cyrus v. State*, 231 Ga. App. 71, 72 (498 SE2d 554) (1998). After all, the crime was gang related. Thus, any objection to the photographs would have been overruled.

(c) Defendant attacked the credibility of Puckett, implying that she had reasons to fabricate her testimony. Accordingly, Puckett's taped statement to the police was admissible as a prior consistent statement. *Woodard v. State*, 269 Ga. 317, 318 (2) (496 SE2d 896) (1998).

(d) Mercado testified against defendant at trial and identified defendant as the shooter. Although Mercado could have been impeached by way of a prior conviction, defense counsel chose to forego putting that conviction in evidence for two reasons: First, Mercado testified that he had been on probation in DeKalb County for two years. Second, since Mercado had, in effect, impeached himself, there was no compelling reason to give up first and last closing argument. See OCGA § 17-8-71. "Preserving such argument is a decision involving trial strategy. [Cits.]" *Brown v. State*, 268 Ga. 354, 357 (490 SE2d 75) (1997). The mere fact that another attorney would have chosen a different strategy is of no import. Id. at 358.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 23, 2000.

*William F. Rucker*, for appellant.

*J. Tom Morgan, District Attorney, Robert E. Statham III, Robert M. Coker, Barbara B. Conroy, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attor-*

ney General, W. Swain Wood, Assistant Attorney General, for appellee.