## S04A0381. NEASON v. THE STATE.
(596 SE2d 120)

THOMPSON, Justice.

James Edward Neason was convicted of felony murder, criminal attempt to commit armed robbery, aggravated assault, burglary, and possession of a weapon during the commission of a crime, stemming from the murder of Patricio Ibarra and the assault on Severo Vasquez Ramos.[1] He was sentenced to a term of life plus 20 years in prison. On appeal, Neason challenges the sufficiency of the evidence to support his convictions and the admission of an incriminating statement made by his co-defendant. Finding no error, we affirm.

Viewed in a light most favorable to the verdict, the evidence shows the following: Patricio Ibarra and Severo Vasquez Ramos, two Mexican men, resided together in a Clayton County, Georgia apartment complex. Around 10:00 p.m. on February 18, 2000, Neason and Anthony Jacob Castillo, accompanied by a female, visited Ibarra and Ramos' apartment. They knocked on the door of the apartment, and when Ramos opened the door, Neason and Castillo offered to sell him marijuana and to let him have sexual contact with the female. Ramos testified that the shorter of the two men did all of the talking. Ramos declined the offer and closed the door on the two men.

Approximately two hours later, there was another knock on the door of Ibarra and Ramos' apartment. Before anyone could answer, two masked intruders knocked the door down and entered the apartment. The taller of the two men did the talking this time. Ramos testified that the intruders' voices were similar to those of the two men who had visited the apartment earlier that evening, and they were also of the same height and weight and were wearing the same clothes as the previous visitors. He later identified the shorter man as Neason and the taller man as Castillo. Ramos also testified that Castillo pointed a handgun at him and demanded money; that he complied and gave Castillo $45; but that Ibarra refused and threw a beer bottle, so Castillo shot and killed him. Neason, who was serving as a lookout to ensure that no one else entered the room, grabbed

---

[1] The crimes took place on February 19, 2000. On March 28, 2001, Neason was charged with malice murder, three counts of felony murder, armed robbery, four counts of aggravated assault, two counts of burglary, and four counts of possession of a firearm during the commission of a crime. Trial commenced on June 11, 2001. The trial judge instructed the jury that it could also consider the lesser included offense of criminal attempt to commit armed robbery. The jury acquitted Neason of malice murder and armed robbery, but found him guilty of criminal attempt to commit armed robbery and all other charged offenses. He was sentenced on June 19, 2003, and his motion for a new trial was denied on September 8, 2003. Neason appealed his convictions on October 2, 2003. The Court of Appeals docketed Neason's appeal on October 15, 2003 and transferred it to this Court on October 31, 2003. The case was docketed in this Court on November 4, 2003 and was submitted for a decision on the briefs on December 29, 2003.

Castillo and the two fled the scene. Neason and Castillo returned to Castillo's residence, which was located in the same apartment complex as Ibarra and Ramos' apartment.

Lisa Wood, Castillo's former girlfriend, testified that on February 18, 2000, she smoked marijuana with Neason, Castillo, and two Mexican men in Ibarra and Ramos' apartment. She also testified that in the early morning hours of February 19, 2000, Castillo told her that he shot a Mexican man in that same apartment because the man tried to take his gun. Wood identified the gun confiscated from Castillo as the one he told her he used to shoot the man, and the State Crime Lab confirmed that Castillo's gun was the murder weapon. Castillo also told Wood that when the man tried to take the gun, his laser sight fell off. A detective found a laser sight at the crime scene, which Wood identified as the one belonging to Castillo.

Within one day of the crimes, Castillo told Demetra Johnson, the mother of one of his and Neason's acquaintances, that Wood had knocked on an apartment door, that a Mexican man answered, and that he and "James" rushed into the man's apartment. He also showed Johnson how he shot the man. Johnson testified that she thought Castillo was referring to Neason when he used the name "James."

1. Neason submits that the evidence was insufficient to support his convictions because the testimony of Ramos was inconsistent.

At trial, Ramos testified that the shorter of the two men, Neason, did the talking the first time they visited the apartment, but that the taller man, Castillo, did the talking during the commission of the crimes. Neason contends that Ramos could not have identified him since Ramos could not have recognized his voice, and Ramos even testified that he was not completely sure if Neason was the shorter of the two men. However, all of this information was presented to the jury, along with Wood's and Johnson's statements implicating Neason as a party to the crimes. The jury was properly charged on the principles of witness credibility and conflicting testimony. The jury was also properly charged that a person who is a party to a crime may be charged and convicted for the commission of that crime. OCGA § 16-2-20; *Hicks v. State*, 211 Ga. App. 370, 372 (439 SE2d 56) (1993).

We have no hesitation in concluding that the evidence was sufficient to enable the jury to find Neason guilty beyond a reasonable doubt for the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Neason contends that Castillo's statement to Johnson is inadmissible hearsay and violates *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968).

*Bruton* provides that the admission of a non-testifying co-

defendant's confession implicating the accused may violate the Confrontation Clause of the Sixth Amendment of the United States Constitution. 391 U. S. 123. However, Castillo's incriminating statement was made shortly after the crimes occurred, was made prior to arrest, and was a non-custodial statement to an acquaintance rather than to police officers. Thus, it is more properly characterized as a declaration of a co-conspirator, rather than a confession. *Brown v. State*, 262 Ga. 223, 225 (416 SE2d 508) (1992). We must therefore determine whether the trial court properly admitted Castillo's statement under the exception to the hearsay rule for declarations of a co-conspirator. *Copeland v. State*, 266 Ga. 664, 666 (469 SE2d 672) (1996).

Statements made by a co-conspirator during the pendency of the criminal project, including the concealment phase, are admissible against all other co-conspirators. OCGA § 24-3-5; *Copeland*, 266 Ga. at 665. The admission of a co-conspirator's statement does not violate the Confrontation Clause as long as there are "sufficient 'indicia of reliability.' " *Castell v. State*, 250 Ga. 776, 779 (301 SE2d 234) (1983). Factors indicating reliability include (1) the absence of an express assertion of past facts, (2) the co-conspirator had personal knowledge of the facts he was stating, (3) the possibility that the co-conspirator's recollection was faulty was remote, and (4) the co-conspirator had no reason to lie about the defendant's involvement in the crime. *Dutton v. Evans*, 400 U. S. 74, 88-89 (91 SC 210, 27 LE2d 213) (1970); *Copeland*, 266 Ga. at 665; *Castell*, 250 Ga. at 780.

The evidence establishes that Castillo had personal knowledge of the identities and roles of the participants to the crimes because his statement to Johnson includes an admission of his own involvement. Additionally, the possibility that Castillo's statement was founded on faulty recollection is remote. He made the statement within one day of when the crimes occurred. It is unlikely that he had already forgotten the details of a murder in which he was involved.

Considering these factors, we conclude that sufficient indicia of reliability exist such that the admission of Castillo's statement to Johnson did not violate Neason's rights under the Confrontation Clause. *Copeland*, supra. The statement was properly admitted as a declaration made by a co-conspirator during the concealment phase of a conspiracy.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 27, 2004.

*Stanley W. Schoolcraft III*, for appellant.
*Robert E. Keller, District Attorney, Kathryn O. Pulliam, Assistant*

*District Attorney, Thurbert E. Baker, Attorney General, Chad E. Jacobs, Assistant Attorney General,* for appellee.

