## S05A0257. SHELTON v. THE STATE.

(611 SE2d 11)

HUNSTEIN, Justice.

Appellant William Lee Shelton was convicted of malice murder and robbery by force in connection with the strangulation and robbery of Matthew Proctor and sentenced to life imprisonment.[1] He appeals from the denial of his motion for new trial, and we affirm.

1. The evidence adduced at trial authorized the jury to find that appellant and his co-defendant, Jeremy Crawford, were riding in Proctor's car in Meriwether County when appellant, sitting in the backseat, strangled Proctor with a belt. They placed Proctor's body in the trunk of the car and drove to a nearby restaurant where they met a friend, Shannon Giles. Giles noticed Crawford had blood on his pants, and upon further questioning, appellant told her that, at that time, "there were three people in the car." Later in the day Crawford told Giles, in the presence of appellant, that he and appellant killed Proctor and put him in the trunk of the car. Crawford showed her the body, from which Giles heard sounds "like the air was coming out of his lungs." Crawford also took $700 from Proctor's sock and gave Giles $100. Appellant and Crawford hid the body under a boat located on Giles' property. Three days later appellant and Crawford retrieved the body and buried it in a Pike County sand pit. Appellant subsequently was involved in an automobile accident in Proctor's car. In investigating the accident, police discovered Proctor's blood in the trunk of the car and further investigation led to the recovery of Proctor's body. Upon learning of the accident, Crawford told two individuals that he and appellant killed Proctor and stole his car and money.

Reviewing the evidence in the light most favorable to the verdict, we conclude there was sufficient evidence to authorize the jury to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred in denying his motion to sever his trial from Crawford's.

---

[1] The crimes were committed on or about January 18, 2002 and the victim's body was discovered on February 12, 2002. Appellant was indicted on April 15, 2002 for malice murder, felony murder and two counts of robbery by force. Appellant filed a motion to sever on November 11, 2002 and the motion was denied on December 2, 2002. After a jury trial on December 2-4, 2002, the jury convicted appellant of malice murder and two counts of robbery, which the trial court later merged into one count of robbery by force. On December 4, 2002, appellant was sentenced to life imprisonment for malice murder and a consecutive twenty year sentence for robbery by force. He filed a motion for new trial on December 19, 2002, which was denied on August 16, 2004. Appellant filed a notice of appeal on August 24, 2004. The case was docketed in this Court on September 30, 2004 and submitted for decision on the briefs.

Factors to be considered by the trial court in exercising its discretion concerning a request for severance are: "whether a joint trial will create confusion of evidence and law; whether there is danger that evidence implicating one defendant will be considered against another defendant despite cautionary instructions to the contrary; and whether the co-defendants will press antagonistic defenses. [Cit.]" To be successful, a defendant seeking severance must clearly show that the joinder will result in prejudice to him or her and a consequent denial of due process. [Cit.] The trial court's ruling as to a request for severance will only be overturned where an abuse of discretion on the part of the trial court can be demonstrated. [Cit.]

*Adams v. State*, 264 Ga. 71, 73 (3) (440 SE2d 639) (1994).

Here, there was no likelihood of confusion because there were only two defendants who acted in concert and their defenses were not antagonistic. The record does not support appellant's assertion that his conviction was based solely upon the evidence introduced against Crawford in that substantially similar evidence was presented against both appellant and Crawford at trial. The record reveals that appellant's own statements and actions sufficiently implicated his involvement in Proctor's murder and Giles' testimony, combined with the fact that appellant was driving the victim's car after the murder, independently tied him to the murder. Finally, severance would not have rendered Crawford's statements implicating appellant inadmissible because such statements would have been admissible against him in a separate trial as statements of a co-conspirator. OCGA § 24-3-5; *Neason v. State*, 277 Ga. 789 (2) (596 SE2d 120) (2004). Under these facts, we find no abuse of discretion in the denial of appellant's motion to sever. See *Burgess v. State*, 276 Ga. 185 (4) (576 SE2d 863) (2003).

3. We find no merit to appellant's contention that the trial court erred in denying his motion for directed verdict. The standard of review for the denial of a motion for a directed verdict of acquittal is the same as for determining the sufficiency of the evidence to support a conviction. *Jackson*, supra, 443 U. S. 307. The jury heard evidence that appellant strangled the victim, robbed him, buried him and then drove the victim's car for approximately two weeks after the crimes. Such evidence, with all reasonable deductions and inferences drawn therefrom, authorized the jury to find appellant guilty of malice murder and robbery by force.

4. Inasmuch as the evidence was conflicting, it could not be

readily determined in which county the cause of death was inflicted.[2] The evidence is uncontroverted, however, that Proctor's body was discovered in Pike County. In light of the foregoing, we conclude that the State proved beyond a reasonable doubt that venue in Pike County was proper. See OCGA § 17-2-2 (c); *Watson v. State*, 278 Ga. 763 (7) (604 SE2d 804) (2004).

5. Contrary to appellant's contention, the trial court did not err in allowing Giles to testify regarding statements made by Crawford on the day of the crimes. Such statements were made during the pendency of the conspiracy and were admissible against appellant under the co-conspirator exception to the hearsay rule. See *Waldrip v. State*, 267 Ga. 739 (10) (c) (482 SE2d 299) (1997); OCGA § 24-3-5. The admission of Crawford's statements to witnesses after appellant's automobile accident and thus, during the concealment phase of the conspiracy, did not violate the Confrontation Clause because there were sufficient indicia of reliability. See *Dutton v. Evans*, 400 U. S. 74, 88-89 (91 SC 210, 27 LE2d 213) (1970) (plurality opinion); *Copeland v. State*, 266 Ga. 664 (2) (b) (469 SE2d 672) (1996). The evidence demonstrates that Crawford had personal knowledge of the identities and roles of the participants because his statements include an admission of his own participation in the crimes. The possibility that Crawford's statements were based on faulty recollection is remote. His statements concerned direct involvement in a murder, not statements of routine events, and it is unlikely he would have forgotten details of such murder. Additionally, the circumstances surrounding Crawford's statements make it unlikely that he misrepresented appellant's involvement in the crimes. Crawford made the statements after learning that appellant was involved in an accident in the victim's car, and the statements were against Crawford's penal interest as he admitted his direct involvement in the conspiracy to rob and murder Proctor. *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004), on which appellant relies, is not applicable insofar as statements made by co-conspirators are non-testimonial.

*Judgment affirmed. All Justices concur.*

DECIDED MARCH 28, 2005.

*Walker L. Chandler*, for appellant.

---

[2] Despite appellant's contention that Crawford admitted he and appellant strangled the victim in Meriwether County, Giles testified that when she saw Proctor's body in Pike County she heard sounds coming from the body.

*William T. McBroom, District Attorney, Thurbert E. Baker, Attorney General, Julie A. Adams, Assistant Attorney General,* for appellee.