## S01A0301. PURVIS v. THE STATE.
(548 SE2d 326)

SEARS, Justice.

The appellant, Ronnie Purvis, appeals from his convictions for the felony murder of Anthony Bailey, for the aggravated assault of Patricia Ross, and for attempted armed robbery.[1] On appeal, Purvis contends that the evidence is insufficient to support the convictions, and that the trial court erred in admitting into evidence statements of co-conspirators. For the reasons that follow, we affirm.

1. The evidence would have authorized a rational trier of fact to find that Bailey stole co-defendant Leonard Parks's car and removed the stereo equipment; that Parks subsequently regained the car, but not the stereo equipment; and that Purvis and co-defendant Kevin Taylor agreed to help Parks obtain revenge on Bailey by robbing him. The evidence also would have authorized a rational trier of fact to find that, on the night of the crime, Parks drove Purvis and Taylor to Bailey's house; that Purvis and Taylor were both armed; that Purvis and Taylor kicked in the door to the house and assaulted several residents of the house; that both Purvis and Taylor fired shots inside the house; and that, although it is unclear whether Purvis or Taylor fired the two shots that killed Bailey, it is clear that either Purvis or Taylor shot and killed Bailey. Having reviewed the evidence in the light most favorable to the verdict, we conclude that it was sufficient for a rational trier of fact to find Purvis guilty beyond a reasonable doubt of the crimes for which he was convicted.[2]

2. Purvis contends that the trial court erred in permitting two witnesses to testify under the co-conspirator exception to the hearsay rule as to statements made to them by Kevin Taylor. More specifically, Purvis contends that the State failed to prove the existence of a conspiracy by the time of the witnesses' testimony, and that the co-

---

[1] The crimes occurred on January 23, 1998. Purvis was indicted on October 8, 1998. Following a trial by jury, Purvis was found guilty on August 24, 1999, of felony murder, of the aggravated assault of Ross, of attempted armed robbery, and of burglary. On September 3, 1999, the trial court sentenced Purvis to life in prison for the felony murder conviction, to twenty years in prison for the aggravated assault conviction, and to ten years in prison for the attempted armed robbery conviction, with all sentences to run concurrently. On October 18, 1999, the court reporter certified the trial transcript. On April 28, 2000, the trial court granted Purvis's motion to pursue an out-of-time appeal. On May 1, 2000, Purvis filed a motion for new trial, and on July 11, 2000, the trial court denied Purvis's motion for new trial. Purvis filed a notice of appeal 31 days after the trial court's order denying the motion for new trial, and on October 9, 2000, Purvis filed a motion for out-of-time appeal. On October 10, 2000, the trial court granted the motion for out-of-time appeal. On October 16, Purvis filed a notice of appeal, and on November 9, 2000, the appeal was docketed in this Court. On January 1, 2001, the case was submitted for decision on briefs.

[2] Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). This Court has affirmed Parks's and Taylor's convictions for Bailey's murder. Parks v. State, 272 Ga. 353 (529 SE2d 127) (2000); Taylor v. State, 272 Ga. 744 (534 SE2d 67) (2000).

conspirator statements were thus improperly admitted. However, because Purvis did not object on this ground to the testimony of one of the witnesses, Dimario Dozier, Purvis is procedurally barred from raising any objection to Dozier's testimony on appeal.[3] Moreover, contrary to Purvis's contention, the State is not required to prove the existence of the conspiracy before a co-conspirator's statement can be admitted. Instead, the trial court has the discretion to permit the State to admit the testimony regarding the co-conspirator's statement so long as the State ultimately proves the existence of the conspiracy during the course of the trial.[4] In this regard, the record shows that the State sufficiently established the conspiracy through the testimony of several witnesses, including Twana Burgess, Leonard Parks, and Dimario Dozier.[5] Accordingly, we find no merit to this enumeration of error.

3. Purvis also contends that the trial court violated his right of confrontation by permitting Burgess to testify regarding the statements made to her by Taylor before trial. Purvis, however, did not object to Burgess's testimony on this ground at trial, and is therefore procedurally barred from raising the issue on appeal.[6] Moreover, we conclude that even if a proper objection had been made, the admission of Taylor's statement to Burgess did not violate Purvis's right of confrontation, as the relevant factors support the conclusion that Taylor's statement was sufficiently reliable to be admissible.[7]

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 11, 2001.

*Paola F. Torselli*, for appellant.

*J. Tom Morgan, District Attorney, Jennifer M. Daniels, Barbara B. Conroy, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Adam M. Hames, Assistant Attorney General,* for appellee.

---

[3] *Bright v. State*, 265 Ga. 265, 283 (455 SE2d 37) (1995).

[4] *Livingston v. State*, 271 Ga. 714, 719 (524 SE2d 222) (1999); *Waldrip v. State*, 267 Ga. 739, 747 (482 SE2d 299) (1997); *Denison v. State*, 258 Ga. 690, 691 (373 SE2d 503) (1988).

[5] See *Livingston*, 271 Ga. at 719-720; *Copeland v. State*, 266 Ga. 664, 665 (469 SE2d 672) (1996).

[6] *Heidler v. State*, 273 Ga. 54, 60 (537 SE2d 44) (2000).

[7] See *Fetty v. State*, 268 Ga. 365, 371-372 (7) (489 SE2d 813) (1997); *Copeland v. State*, 266 Ga. at 666 (2) (b).