## S02A0156. SWIFT v. THE STATE.
(560 SE2d 19)

CARLEY, Justice.

A jury found Leviticus Swift guilty of alternative counts of malice and felony murder, kidnapping and aggravated assault. The victim of all three offenses was Deanthony Carter. Concluding that the verdict on the felony murder charge was vacated by operation of law, the trial court sentenced appellant to life imprisonment for malice murder. *Malcolm v. State*, 263 Ga. 369, 371 (4) (434 SE2d 479) (1993). The trial court imposed a consecutive 20-year term for the kidnapping and a consecutive 10-year term for the aggravated assault. Swift appeals from the judgments of conviction and sentences

entered on the jury's guilty verdicts.[1]

1. The grand jury indicted Swift, Charles Harris and Larry Burgess for the crimes. After pleading guilty to false imprisonment and aggravated assault, Harris testified for the State at Swift's and Burgess' joint trial. During that trial, the prosecution showed that Carter stole drugs belonging to appellant. Angry about the theft, Swift confronted him at gunpoint. With the assistance of Burgess, appellant bound the victim's hands and ankles with tape. They then put Carter into the trunk of Harris' car, and Harris drove to a remote area. Swift, Burgess and several others, including Desmond Diaz, followed in another vehicle. Carter was shot twice in the head. According to Diaz, Burgess shot the victim and then gave the gun to appellant who fired the second bullet. Harris testified that Burgess fired once and, almost a minute later, fired again. The medical examiner testified that either shot would have caused death. He also expressed an opinion that both bullets were fired in rapid succession, the implication being that there was only one shooter. In closing argument, the prosecutor acknowledged the discrepancy between Diaz's and Harris' version of the homicide. He told the jury that, based upon the medical examiner's testimony, the State's theory was that Burgess fired both shots and, therefore, that Diaz was wrong when he attributed the second shot to Swift. In its jury charge, the trial court instructed on parties to a crime.

When construed most strongly in support of the verdicts, the evidence is sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt that appellant directly committed the kidnapping and aggravated assault and that he was guilty as a party to the murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Eckman v. State*, 274 Ga. 63, 64 (1) (548 SE2d 310) (2001).

2. Swift urges that his convictions are the product of prosecutorial misconduct because the State knowingly used perjured testimony. However, the record shows only an inconsistency between the testimony of the witnesses. Diaz testified that appellant fired the second shot, whereas Harris claimed that Burgess fired both. Harris testified that about a minute elapsed between shots, but the medical examiner offered an opinion that they were fired almost simultaneously. The prosecutor did not conceal any evidence, and was forthright in informing the jury that the State contended Burgess was the

---

[1] The crimes were committed on March 13, 2000. The grand jury indicted Swift and the other two defendants on August 31, 2000. The jury returned its guilty verdicts on March 16, 2001 and, on that same day, the trial count entered judgments of conviction and imposed the sentences. On April 16, 2001, appellant filed the notice of appeal. The case was docketed in this Court on October 16, 2001 and submitted for decision on December 10, 2001.

only shooter and appellant was a party to the crime of murder. Harris made certain claims on direct which Swift contends were false, but the witness was subject to a thorough and sifting cross-examination by the defense and every effort was made to impeach him. Under these circumstances, Swift's convictions are not based upon the State's knowing use of perjured testimony, "but upon that version of the events most unfavorable to [him], which version the jury accepted after hearing all of the evidence and resolving the credibility of all of the witnesses. [Cit.]" *Cammon v. State*, 269 Ga. 470, 471 (2) (500 SE2d 329) (1998).

*Judgments affirmed. All the Justices concur.*

DECIDED FEBRUARY 25, 2002.

*Herbert Shafer*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Mike McDaniel, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Ruth M. Bebko, Assistant Attorney General*, for appellee.