S02A1306. BURGESS v. THE STATE.
(576 SE2d 863)

BENHAM, Justice.

Larry Cornelius Burgess appeals in this case from his convictions for malice murder, kidnapping, aggravated assault, and possession of a firearm by a convicted felon. He was indicted jointly with codefendants Leviticus Swift and Charles Harris for the fatal shooting of Deanthony Denard Carter. Harris pled guilty to lesser charges and testified against the other two at their joint trial. The facts adduced at trial were succinctly stated in the opinion affirming Swift's conviction:

[T]he prosecution showed that Carter stole drugs belonging to [Swift]. Angry about the theft, Swift confronted him at gunpoint. With the assistance of Burgess, [Swift] bound the victim's hands and ankles with tape. They then put Carter

into the trunk of Harris' car, and Harris drove to a remote area. Swift, Burgess and several others, including Desmond Diaz, followed in another vehicle. Carter was shot twice in the head. According to Diaz, Burgess shot the victim and then gave the gun to [Swift] who fired the second bullet. Harris testified that Burgess fired once and, almost a minute later, fired again. The medical examiner testified that either shot would have caused death. He also expressed an opinion that both bullets were fired in rapid succession, the implication being that there was only one shooter. In closing argument, the prosecutor acknowledged the discrepancy between Diaz's and Harris'[s] version of the homicide. He told the jury that, based upon the medical examiner's testimony, the State's theory was that Burgess fired both shots and, therefore, that Diaz was wrong when he attributed the second shot to Swift.

*Swift v. State*, 274 Ga. 807, 808 (560 SE2d 19) (2002).

1. The evidence adduced at trial was sufficient to authorize a rational trier of fact to find Burgess guilty beyond a reasonable doubt of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Swift v. State*, supra.

2. Burgess contends the State's withholding until trial of a statement by Diaz that both Burgess and Swift shot Carter, and a statement by Harris that Swift asked Burgess not to shoot Carter violated both OCGA § 17-16-7 and *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). Regarding Diaz's statement, there is no violation of OCGA § 17-16-7 because the statement at issue was oral and was neither recorded nor committed to writing other than in notes or summaries prepared by counsel. *Phagan v. State*, 268 Ga. 272 (11) (486 SE2d 876) (1997). Regarding Harris's testimony that Swift asked Burgess not to shoot Carter, the testimony was elicited by Swift's counsel, not the prosecuting attorney, and since there is no evidence that the State had taken such a statement from Harris, there is no evidence that the State withheld it. Finally, there is no *Brady* violation where, as here, "the information sought becomes available to the accused at trial. [Cit.]" *Burgeson v. State*, 267 Ga. 102, 104 (2) (475 SE2d 580) (1996).

3. Burgess contends his convictions are tainted by prosecutorial misconduct in that the State knowingly used perjured testimony. The alleged perjury was Diaz's testimony that both Burgess and Swift shot Carter, and Harris's testimony that he had not been indicted for murder and was not on probation at the time of the crimes involved here. These same contentions were raised by Swift on his appeal and were resolved adversely to him:

[T]he record shows only an inconsistency between the testimony of the witnesses. Diaz testified that appellant fired the second shot, whereas Harris claimed that Burgess fired both. Harris testified that about a minute elapsed between shots, but the medical examiner offered an opinion that they were fired almost simultaneously. The prosecutor did not conceal any evidence, and was forthright in informing the jury that the State contended Burgess was the only shooter and appellant was a party to the crime of murder. Harris made certain claims on direct which Swift contends were false, but the witness was subject to a thorough and sifting cross-examination by the defense and every effort was made to impeach him. Under these circumstances, Swift's convictions are not based upon the State's knowing use of perjured testimony, "but upon that version of the events most unfavorable to (him), which version the jury accepted after hearing all of the evidence and resolving the credibility of all of the witnesses. [Cit.]"

*Swift v. State*, supra, 274 Ga. at 808-809.

4. The trial court denied Burgess's pretrial motion to sever his trial from Swift's, and enumerates as error that denial and the trial court's failure to order severance during the trial. The two bases on which Burgess rests his argument are that the defenses were antagonistic and that the evidence against Swift was stronger than that against Burgess.

Factors to be considered by the trial court in exercising its discretion concerning a request for severance are: "whether a joint trial will create confusion of evidence and law; whether there is danger that evidence implicating one defendant will be considered against another defendant despite cautionary instructions to the contrary; and whether the codefendants will press antagonistic defenses. [Cit.]" To be successful, a defendant seeking severance must clearly show that the joinder will result in prejudice to him or her and a consequent denial of due process. [Cit.] The trial court's ruling as to a request for severance will only be overturned where an abuse of discretion on the part of the trial court can be demonstrated. [Cit.]

*Adams v. State*, 264 Ga. 71, 73 (3) (440 SE2d 639) (1994).

There was no likelihood of confusion here since there were just two defendants who were acting in concert; there was no evidence offered against Swift that could spill over to prejudice Burgess; and

the defenses put forward by Burgess and Swift were not antagonistic in that both contended the eyewitnesses were lying. Although one witness testified that Burgess fired both shots and that Swift asked Burgess not to shoot Carter, the discrepancy between that testimony and the testimony of the other eyewitness that Burgess and Swift each fired a shot was not such as to prejudice Burgess. Severance of the two defendants for trial would not have limited the introduction of the evidence Burgess now contends was unduly prejudicial to him because it would have been admissible against him in a separate trial as part of the res gestae. *Walker v. State*, 213 Ga. App. 407, 409-410 (444 SE2d 824) (1994). Burgess's contention that the evidence was stronger against Swift is not supported by the record in that both eyewitnesses testified that Burgess shot Carter whereas only one eyewitness testified that Swift fired one of the two shots. We see no abuse of discretion in the denial of severance.

5. On appeal, Burgess contends that the admission of Harris's testimony that Swift asked Burgess not to shoot Carter was a violation of his right of confrontation under *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968). However, that objection was not raised at trial and cannot, therefore, be raised on appeal. *Purvis v. State*, 273 Ga. 898 (2) (548 SE2d 326) (2001); *Crawford v. State*, 267 Ga. 543 (6) (480 SE2d 573) (1997).

6. The trial court refused to give a requested jury charge informing the jury that Burgess contended that he had been framed by accomplices who were seeking reduced sentences by testifying against him, and instructing them to acquit him if evidence of the frame created a reasonable doubt of his guilt. Relying on the principle that a defendant is entitled to a charge on his sole defense, and on *United States v. Vole*, 435 F2d 774 (C.A. Ill. 1970), in which a conviction was reversed for refusing a similar charge, Burgess contends his conviction must be reversed.

"The trial court must charge the jury on the defendant's sole defense, even without a written request, if there is some evidence to support the charge." *Tarvestad v. State*, 261 Ga. 605, 606 (409 SE2d 513) (1991). "Where there is no evidence to support the charge, however, a charge is not required even if it is the sole defense." *Bowen v. State*, 272 Ga. 89 (526 SE2d 546) (2000). In the present case, there is no evidence that anyone attempted to frame Burgess. He points to such facts as the motivation of Diaz and Harris to frame him to reduce their own sentences, the relatively short time he had known them, and the fact that the two witnesses were not incarcerated after the murder, giving them time to concoct a story. Those facts are not evidence of a frame. In contrast, the court in *Vole*, supra, noted that one of Vole's accomplices testified that he had planted counterfeit money in Vole's personal property for the purpose of framing him. All

Burgess has offered is speculation, not evidence. That being so, the trial court did not err in refusing the requested charge. *Bowen*, supra.

7. Finally, Burgess contends he was denied effective assistance of counsel by his trial counsel. Since appellate counsel in this case entered this case after trial counsel had filed a notice of appeal, and after 30 days had elapsed from the judgment of conviction and sentence, there was no opportunity to assert a claim of ineffective assistance of trial counsel at the trial level. Therefore, we remand the case to the trial court for appropriate findings concerning the issue of ineffective assistance of trial counsel. *Mullinax v. State*, 273 Ga. 756 (5) (545 SE2d 891) (2001).

*Judgment affirmed and case remanded. All the Justices concur.*

DECIDED FEBRUARY 10, 2003.

*Bernard S. Brody*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney, Thurbert E. Baker, Attorney General, Ruth M. Pawlak, Assistant Attorney General*, for appellee.