## S04A0883. BURGESS v. THE STATE.
### (602 SE2d 566)

SEARS, Presiding Justice.

The appellant, Larry Burgess, and co-defendants Charles Harris and Leviticus Swift were indicted jointly for numerous crimes, including murder, stemming from the shooting of Deanthony Carter. Harris pled guilty to lesser charges than murder, and agreed to testify against Swift and Burgess. Burgess and Swift were tried together, and both were convicted of murder and other crimes. We have previously affirmed Swift's[1] and Burgess's convictions.[2] In Burgess's first appeal, we addressed six of Burgess's seven enumerations of error, and resolved them adversely to Burgess. However, we remanded the case to the trial court for a hearing on Burgess's claim that he received ineffective assistance of trial counsel.[3] In November 2003, the trial court held a hearing on the ineffectiveness claim, and on January 5, 2004, the trial court ruled that the claim was without merit and denied Burgess's motion for new trial. Burgess has now filed this appeal. For the reasons that follow, we affirm.

1. Burgess claims that trial counsel provided ineffective assistance by failing to raise a *Bruton*[4] objection when Charles Harris testified that, at the crime scene, Leviticus Swift told Burgess not to shoot the victim. We disagree with this contention.

To prevail on his claim of ineffective assistance of counsel, Burgess had the burden to " 'show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different.' "[5] With regard to

---

[1] *Swift v. State*, 274 Ga. 807 (560 SE2d 19) (2002).

[2] *Burgess v. State*, 276 Ga. 185 (576 SE2d 863) (2003).

[3] *Burgess*, 276 Ga. at 189.

[4] *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968).

[5] *Robinson v. State*, 277 Ga. 75, 75-76 (586 SE2d 313) (2003), quoting *Potter v. State*, 273 Ga. 325 (540 SE2d 184) (2001).

Burgess's claim that trial counsel was ineffective for failing to raise a *Bruton* objection, we conclude that Burgess has failed to prove either deficient performance or prejudice.

First, this Court held in Burgess's first appeal that Swift's statement at the crime scene was admissible under the res gestae exception to the rule against hearsay.[6] Thus, the admission of Swift's statement did not violate Burgess's right of confrontation.[7] Moreover, because *Bruton* is grounded in a defendant's right of confrontation,[8] and because *Bruton* was a case in which a co-defendant's confession implicating Bruton was not admissible against Bruton under any recognized exception to the rule against hearsay,[9] it has been held that *Bruton* "has no application when a statement by [a] defendant's partner in crime is received under some exception to the hearsay rule."[10] In the present case, Swift's statement to Burgess was admissible under the res gestae exception. Thus, neither *Bruton* nor Burgess's right of confrontation was violated. Accordingly, Burgess's trial counsel did not provide deficient performance in failing to raise a *Bruton* objection.

Finally, even if a *Bruton* violation did occur and trial counsel did provide deficient performance in failing to raise a *Bruton* objection, Burgess has failed to show that this deficient performance prejudiced his defense. In this regard, considering the strength of the evidence against Burgess and considering that two eyewitnesses, including Harris, testified that Burgess shot the victim, there is no reasonable probability that the outcome of the trial would have been different if counsel had raised a *Bruton* objection and had succeeded in excluding from evidence Swift's hearsay statement that he told Burgess not to shoot the victim.[11]

2. Burgess also contends that his trial counsel provided ineffective assistance by failing to move for bifurcation of the count of the indictment that charged him with the possession of a firearm by a

---

[6] *Burgess*, 276 Ga. at 188.

[7] *Tesfaye v. State*, 275 Ga. 439, 443-444 (569 SE2d 849) (2002).

[8] *Bruton*, 391 U. S. at 126-136.

[9] *Bruton*, 391 U. S. at 129, n. 3.

[10] 4 LaFave, Israel and King, Criminal Procedure § 17.2 (b), p. 609 (2d ed. 1999). In a similar vein, this Court has held that when the State introduces a non-custodial statement (as opposed to a confession) of a co-defendant that implicates the defendant, *Bruton* is inapplicable and the appropriate analysis is whether the statement was admissible against the defendant under the co-conspirator exception to the rule against hearsay. See *Neason v. State*, 277 Ga. 789, 791 (596 SE2d 120) (2004); *Fetty v. State*, 268 Ga. 365, 371, n. 21 (489 SE2d 813) (1997); *Copeland v. State*, 266 Ga. 664, 666 (469 SE2d 672) (1996).

[11] See *Copeland*, 266 Ga. at 666-667, in which we held that to the extent it was a *Bruton* violation to permit a witness to testify as to a hearsay statement of a co-defendant that implicated the defendant, the error was harmless as the witness testified that he saw the defendant shoot the victim.

convicted felon, by failing to request a limiting instruction on the jury's consideration of the prior conviction, and by failing to stipulate to the prior conviction and to request, based on that stipulation, that evidence of the prior conviction not come into evidence. We conclude, however, that trial counsel was not ineffective.

First, because the possession count was the underlying felony for a felony murder count against Burgess, the prior conviction was relevant to the felony murder count, and it was not necessary for the trial court to sever the possession count.[12] For this reason, we conclude that trial counsel did not provide deficient performance by failing to move for bifurcation. As for Burgess's contention that trial counsel should have requested a limiting instruction or should have stipulated that he was convicted of the prior crime,[13] we conclude that even if trial counsel provided deficient performance in failing to take either action, Burgess has failed to show that the outcome of his trial would have been different but for the deficiency.[14]

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 13, 2004.

*Priya N. Lakhi*, for appellant.
*Jeffrey H. Brickman, District Attorney, Barbara B. Conroy, Assistant District Attorney, Thurbert E. Baker, Attorney General, Andrette Watson, Assistant Attorney General*, for appellee.

---

[12] *Herring v. State*, 277 Ga. 317, 318-319 (588 SE2d 711) (2003).

[13] As for trial counsel's failure to seek a stipulation, see *Old Chief v. United States*, 519 U. S. 172 (117 SC 644, 136 LE2d 574) (1997), and *Butler v. State*, 270 Ga. 441, 448-449 (511 SE2d 180) (1999).

[14] See *Robinson*, 277 Ga. at 75-76.