## S09A0062. VARNER v. THE STATE.

### (676 SE2d 189)

HUNSTEIN, Presiding Justice.

Charles Edward Varner was convicted of malice murder and other crimes arising out of the shotgun shooting death of Barron Gillespie. He appeals from the denial of his motion for new trial,[1] challenging the sufficiency of the evidence, the propriety of statements made in opening by the prosecutor, the effectiveness of counsel and the giving of a jury instruction on a defendant's confession. Finding no reversible error, we affirm.

1. The evidence adduced at trial authorized the jury to find that appellant, a convicted felon, made a former girlfriend, Foster, purchase a shotgun for him and thereafter used another girlfriend, Daniel, to set up the victim under a pretense of having sex with him so that appellant and his half-brother could steal the victim's car. After the victim was undressed, appellant entered the bedroom with the shotgun and Daniel fled. Appellant then fired the shotgun, fatally wounding the victim in the face. Appellant then joined Daniel outside at which time he told her it "was done, [I] did it." Both Daniel and the half-brother testified against appellant. Other witnesses testified that appellant told them that he shot the victim, including presenting the information in the form of a "rap" song appellant composed that contained details such as the victim's last words begging for his life.

The evidence was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the charged crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

---

[1] The crimes occurred on January 2, 2002. Varner was indicted October 22, 2002 in Fulton County on charges of murder, two counts of felony murder (based on aggravated assault and possession of a firearm by a convicted felon), aggravated assault, armed robbery, possession of a firearm during the commission of a felony and possession of a firearm by a convicted felon. In a trial conducted in 2002, he was convicted of aggravated assault and acquitted of armed robbery but the jury hung on the remaining counts; the trial court thereafter granted Varner's motion for new trial on the aggravated assault conviction. The trial court's subsequent grant of Varner's motion for discharge and acquittal was reversed in *State v. Varner*, 277 Ga. 433 (589 SE2d 111) (2003). Varner's second jury trial commenced February 16, 2004. He was found guilty on the remaining counts and was sentenced in an order filed February 23, 2004 to life imprisonment for murder, five years consecutive for firearm possession during commission of a felony and five years concurrent for possession of a firearm by a convicted felon. The remaining charges were merged into the murder conviction. Varner's motion for new trial, filed February 23, 2004 and amended on June 30, 2005 and November 13, 2007, was denied November 30, 2007. A notice of appeal was filed December 28, 2007. The appeal was docketed September 12, 2008 and was submitted for decision on the briefs.

2. Appellant contends the trial court erred by denying his motion for new trial based on prejudicial statements allegedly made by the prosecutor in opening statement and closing argument. We find no merit in this contention.

(a) Appellant asserts the prosecutor during opening statement impermissibly suggested that Foster was frightened of appellant. The statement challenged by appellant was the prosecutor's comment that the State discovered Foster after "somebody saw her in the hallway looking frightened and asked her who she was." Nothing in this statement indicated that Foster was frightened of appellant rather than merely fearful of her surroundings.

(b) Based on our review of the transcript, the prosecutor's statement during opening and closing that appellant made Foster purchase a shotgun for him was a reasonable inference drawn from Foster's testimony that appellant "told me I had to do it" after appellant learned that his status as a felon prevented him from making the purchase himself. This argument was not improper under OCGA § 17-8-75.

(c) Likewise, given the testimony by Daniel that she maintained a relationship with appellant even though that relationship was "very violent, abusive," the prosecutor did not exceed the "wide leeway given [counsel] to argue all reasonable inferences that may be drawn from the evidence during closing argument, [cit.]" *Appling v. State*, 281 Ga. 590, 592-593 (5) (642 SE2d 37) (2007), when he referred to Daniel as "a battered woman" who "w[ould] not break away" from appellant.

3. Appellant contends that he received ineffective assistance of counsel. In order to succeed on this claim, appellant must show that his counsel's performance was professionally deficient and that but for counsel's unprofessional conduct, there is a reasonable probability the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U. S. 668, 688, 695 (104 SC 2052, 80 LE2d 674) (1984). Our review of the record establishes that appellant failed to make the requisite showings.

(a) Appellant claims counsel performed deficiently by failing to move for bifurcation on the charge of felony murder predicated upon possession of a firearm by a convicted felon prior to the reading of the indictment to the jury; by failing to file a motion for severance of possession of firearm by convicted felon; and by failing to request a limiting instruction in regard to his prior conviction. First, the record establishes that trial counsel did move for bifurcation[2] and

---

[2] The trial court's denial of the motion to bifurcate is not enumerated as error on appeal.

appellant has not shown deficient performance or prejudice from the timing of counsel's motion; next, because the possession count was the underlying felony for the felony murder count, counsel did not provide deficient performance for failing to move to sever the possession count, *Burgess v. State*, 278 Ga. 314 (2) (602 SE2d 566) (2004); and, as to the limiting instruction, "even if trial counsel provided deficient performance in [this regard, appellant] has failed to show that the outcome of his trial would have been different but for the deficiency." (Footnote omitted.) Id. at 316.

(b) Appellant contends counsel was ineffective because he failed to adduce the testimony of Lester Patway,[3] an alibi witness who testified at appellant's previous trial, either by securing Patway's presence at trial or by proffering Patway's prior testimony into evidence. Counsel testified at the hearing on appellant's motion for new trial that he knew he made efforts to locate Patway but could no longer recall the specifics of the actions he took. Appellant did not produce any evidence to establish that a competent attorney exercising reasonable diligence under the same circumstances would have been able to locate Patway. Compare *Zant v. Hamilton*, 251 Ga. 553 (3) (307 SE2d 667) (1983) (counsel's failure to exercise reasonable diligence in locating witnesses constituted ineffective assistance). Accordingly, appellant failed to carry his burden of proving that counsel's efforts in this regard were deficient. See generally *Strickland v. Washington*, supra. As to the failure to proffer Patway's prior testimony at trial, appellant has failed to establish that this decision, made by counsel after consultation with appellant,[4] was an unreasonable one no competent attorney would have made under similar circumstances. See generally *Walker v. State*, 281 Ga. 521, 526 (7) (640 SE2d 274) (2007). We find no error in the trial court's denial of appellant's motion for new trial on this basis.

4. In his final enumeration, appellant contends the trial court erred by charging the jury on corroboration of a defendant's statement. The challenged instruction tracked the language in Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (3rd ed.), § 1.32.70. The transcript, however, reveals that appellant requested a charge on statements by the defendant[5] and accordingly waived his right to

---

[3] Although defense counsel spelled the witness's name this way at trial, the parties have also variously spelled the name as "Petway" and "Pittway."

[4] The trial transcript reflects that the trial court and counsel specifically addressed the unavailability of Patway as well as another defense witness, Wyatt, and discussed the introduction at trial of their prior testimony. Counsel stated on the record that appellant "just informed me that basically[,] if push comes to shove, he's not concerned about Mr. Patway's statement or his prior testimony. He wants Ms. Wyatt's. But as far as Mr. Patway's, he's not concerned about it." Only Wyatt's prior testimony was thereafter introduced into evidence.

[5] Contrary to appellant's contention, the transcript reflects he withdrew only those

complain on appeal. See generally *Zellars v. State*, 278 Ga. 481 (7) (604 SE2d 147) (2004). Moreover, nothing in the language of the charge could have confused the jury into believing, contrary to the evidence adduced, that appellant had given a confession to law enforcement officers.[6] This contention is without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 28, 2009.

*Michael M. White*, for appellant.

*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Bettieanne C. Hart, Assistant District Attorneys, Thurbert E. Baker, Attorney General, David A. Zisook, Assistant Attorney General*, for appellee.

---

portions of his requested charge that addressed formal statements taken by the police, e.g., the exercise of constitutional rights, voluntariness, etc.

[6] No testimony was adduced from anyone involved in the investigation of the crimes except for that of the medical examiner, a crime scene technician who took a gunshot swab of the half-brother's hands and the State crime lab microanalyst who tested the swab.