A09A1622. ARNOLD v. THE STATE.
(688 SE2d 656)

MILLER, Chief Judge.

A Coweta County jury convicted Deunte Arnold of aggravated assault (OCGA § 16-5-21). On appeal, Arnold claims that he is entitled to a new trial because the State (i) suborned perjured testimony at trial by placing the victim on the stand to testify against him while knowing that the victim had previously identified another person as the perpetrator, and (ii) thereafter improperly bolstered the victim's testimony through the testimony of a police investigator. Although the victim had given prior inconsistent testimony, Arnold does not show that the victim's trial testimony was false. Arnold's claim of improper bolstering is waived on appeal because he did not object on that ground below. Given the foregoing, we affirm.

Viewed in the light most favorable to the jury's verdict (*Drammeh v. State*, 285 Ga. App. 545, 546 (1) (646 SE2d 742) (2007)), the evidence shows that on the evening of August 12, 2006, approximately 40 people, including the victim, were standing outside the Fairmont Tavern. One of the victim's friends, Emanuel Britt, shot a woman in the chest. After the shot rang out, the victim ran away from the tavern.

As the victim was passing through a residential area, he recognized Henry Thomas, who announced "there he go right there." A crowd of people emerged from behind an apartment building and pursued the victim. The victim recognized Arnold, whom he had known for a long time. Arnold pointed a gun at the victim and fired.

The bullet struck the victim in the leg, knocking him down and throwing him across some railroad tracks.

When the victim was taken to the hospital, he had 21 individually wrapped baggies of marijuana in his pants. According to the victim, during the investigation a police officer reminded him on "about two" occasions that she could charge him in connection with the contraband, but the victim denied that the officer threatened to charge him if he did not stick to his story or did not come to court. According to the investigating officer, it was within her discretion whether to take out a warrant. She testified that when the victim asked her about the marijuana, she informed him that he was not charged, but that he could be charged.

Before Arnold's trial, the victim testified in a juvenile court hearing on behalf of Britt. The investigating officer was present at the juvenile court hearing and heard the victim identify Thomas, rather than Arnold, as the shooter. The officer informed the prosecutor about the victim's testimony, but they decided to "leave it alon[e]."

1. Arnold contends that the State suborned perjury by placing the victim on the stand to testify that Arnold shot him even though the prosecutor knew that the victim had previously testified that he was shot by someone else. We disagree.

"Conviction of a crime following a trial in which perjured testimony on a material point is knowingly used by the prosecution is an infringement on the accused's Fifth and Fourteenth Amendment rights to due process of law." (Punctuation and footnote omitted.) *Gates v. State*, 252 Ga. App. 20, 21 (1) (555 SE2d 494) (2001). However "[t]here is no constitutional requirement that the witnesses upon whom the State relies to prove its case must give consistent evidence." *Cammon v. State*, 269 Ga. 470, 471 (2) (500 SE2d 329) (1998). See *Ward v. State*, 205 Ga. App. 504, 507 (3) (423 SE2d 288) (1992) (victim's trial testimony not proven to be false, notwithstanding her prior inconsistent statements).

Here, Arnold does not show that the victim's trial testimony was untrue or that the State knew it to be untrue. Compare *Fugitt v. State*, 251 Ga. 451, 452-453 (1) (307 SE2d 471) (1983) (witness's testimony was the only evidence of kidnapping and was shown to be the "purest fabrication," requiring a new trial). According to the victim's trial testimony, he falsely identified Thomas as the shooter at the juvenile court hearing because he was scared and because he did not want Arnold to go to jail.

Arnold points out that not only was the victim's previous testimony inconsistent with his trial testimony, in light of the investigating officer's statements to the victim that he could be charged with a crime in connection with his possession of marijuana,

the victim was under pressure to testify in a manner satisfactory to the prosecution. But these matters were disclosed to the jury, and defense counsel used the victim's inconsistent statements and alleged exposure to prosecution to challenge the victim's credibility on cross-examination. See *Swift v. State*, 274 Ga. 807, 809 (2) (560 SE2d 19) (2002) (where the prosecutor did not conceal evidence, and the witness who the appellant contends gave false testimony "was subject to a thorough and sifting cross-examination by the defense and every effort was made to impeach him," appellant's convictions were not based on the State's knowing use of perjury).

Under the circumstances, "[t]he jury had the benefit of [the victim's] present testimony and his previous inconsistent testimony. Neither was kept from the jury, and the jury properly was given the opportunity to decide for itself which version was the truth, and which the fabrication." (Citation omitted.) *Harrison v. State*, 257 Ga. 528, 530 (1) (361 SE2d 149) (1987). Accordingly, Arnold's conviction was not based on the prosecution's knowing use of perjured testimony, but "upon that version of the events most unfavorable to [Arnold], which version the jury accepted after hearing all of the evidence and resolving the credibility of all of the witnesses." *Cammon*, supra, 269 Ga. at 471 (2).

2. Arnold also contends that an investigating officer's testimony improperly bolstered the victim's testimony. Arnold contends that the investigating officer's testimony during cross-examination improperly implied that she believed the victim lied in juvenile court and was telling the truth at Arnold's trial.

Arnold objected to a portion of the investigating officer's testimony at issue, particularly the officer's statement that she knew "in her heart that the victim was probably selling [drugs] for an adult," on the grounds that the testimony was improper opinion and speculation. The trial court sustained the objection and instructed the jury to base its decision on facts. Arnold did not object, however, to the investigator's testimony on the grounds that it improperly bolstered the victim's credibility. The issue is therefore waived on appeal. "In order to preserve an objection upon a specific ground for appeal, the objection must be made at trial upon that specific ground." (Punctuation and footnote omitted.) *Walls v. State*, 283 Ga. App. 560, 561 (2) (642 SE2d 195) (2007). See *Scott v. State*, 288 Ga. App. 738, 740 (2) (655 SE2d 326) (2007) (where defense objected on grounds that State was leading the witness and that the question called for speculation, but not on grounds of improper bolstering, the bolstering objection was waived on appeal).

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED DECEMBER 16, 2009.

*Jerry F. Pittman*, for appellant.
*Peter J. Skandalakis, District Attorney, John B. Cunningham, Assistant District Attorney*, for appellee.