**SECOND DIVISION**
**RICKMAN, C. J.,**
**MILLER, P. J., PIPKIN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 7, 2023**

# In the Court of Appeals of Georgia

A22A1340. BROWN v. THE STATE.

MILLER, Presiding Judge.

Dwight Brown appeals from the trial court's entry of dismissal order after the trial court accepted his guilty plea. On appeal, Brown argues that (1) his guilty plea satisfied the necessary criteria to be accepted by the trial court and thus jeopardy attached at his plea hearing; and (2) the trial court could not dismiss his case after his guilty plea had been accepted. Because Brown failed to preserve this issue for appellate review, however, we affirm.

The record shows that the Solicitor General's Office for Athens-Clarke County charged Brown by accusation for the misdemeanor offense of reckless conduct (OCGA § 16-5-60 (b)). The charge was based on allegations that on October 23, 2021, Brown fired a gun multiple times from his vehicle towards another vehicle. The

case was set for a plea hearing on February 25, 2002, where Brown indicated his desire to enter a non-negotiated guilty plea. At the hearing, the trial court engaged in a plea colloquy with Brown and verified with Brown that he had reviewed his statement of rights form, that his plea was voluntary, that he understood the rights he was waiving by entering a plea, and that there was a factual basis for the plea. The trial court directed Brown to sign his plea on the back of the accusation, at which point the trial court announced: "The plea's been entered."

Thereafter, the trial court proceeded to hear from the parties as to their sentencing recommendations. Counsel for the State recommended a sentence of 12 months' confinement because of the "egregious conduct" in the case. As counsel for the State was speaking, the trial judge requested that both parties approach the bench, and an off-record bench conference was held. After the bench conference, the trial judge announced a break in the proceedings and told the parties to return to the courtroom later that day. After the break, counsel for the State filed a "dismissal," explaining that her office had spoken with the district attorney's office and learned that the district attorney's office planned to indict "th[e] case as a felony."[1] When the

---

[1] According to the State's brief, unknown to the Solicitor General's office, Brown was indicted in superior court on February 8, 2022, for aggravated assault and criminal attempt to commit a felony based on the same events underlying the reckless

2

trial court asked defense counsel for his position on the matter, defense counsel responded, "I can't stop them." The trial court advised Brown that "this case ha[d] been dismissed against [him]," and the court entered an order of dismissal. This appeal followed.

In his sole enumeration of error, Brown argues that the trial court erred by dismissing his case without his consent contrary to OCGA § 17-8-3. Specifically, Brown argues that jeopardy attached after his guilty plea was accepted by the trial court and that under OCGA § 17-8-3, the trial court could not dismiss his case without his consent. We conclude that this issue was not preserved for appellate review.

It is true that there are no magic words that are needed to make a proper objection. *Mitchell v. State*, 307 Ga. 855, 860 (2) (a) (838 SE2d 847) (2020). Nevertheless, it is well settled that "objections should be made with sufficient specificity for the trial court to identify the precise basis." (Citation omitted.) *Ellis v. State*, 287 Ga. 170, 172 (2) (695 SE2d 35) (2010); *Arnold v. State*, 301 Ga. App. 714, 716 (2) (688 SE2d 656) (2009) ("In order to preserve an objection upon a specific ground for appeal, the objection must be made at trial upon that specific ground.")

conduct charge.

(citation omitted). Thus, the failure to make a timely and specific objection ordinarily precludes appellate review of that issue. See *Willis v. State*, 304 Ga. 122, 126 (2) (816 SE2d 656) (2018) ("Failure to make a timely objection precludes appellate review unless the violation constitutes plain error affecting the substantive rights of the parties.") (citation omitted).

Here, when asked by the trial court for his position on the State's request for a dismissal, Brown's counsel simply replied, "I can't stop them," without any further elaboration. This response does not contain the type of specificity that is required to preserve an issue for appellate review. Although, as stated above, no magic words are required to make a proper objection, Brown was obligated to at least state the nature of his objection below in order for this Court to address it on appeal, and his failure to do in this case waives appellate review. See *Miller v. State*, 243 Ga. App. 764, 768 (12) (533 SE2d 787) (2000) ("Absent a contemporaneous objection on the specific ground now asserted on appeal, the issue is not preserved for our review."). Furthermore, we cannot review this issue under a plain error analysis. The Supreme Court of Georgia has "declined to extend plain error analysis to . . . claims of error in the absence of a specific provision by the General Assembly[,]" and has expressly limited plain error review to issues pertaining to the sentencing phase of a trial

4

resulting in the death penalty, a trial judge's expression of opinion in violation of OCGA § 17-8-57, a jury charge affecting substantial rights of the parties, and evidentiary rulings for cases tried after January 1, 2013. *Keller v. State*, 308 Ga. 492, 497 (2) (a) (842 SE2d 22) (2020). Thus, in the absence of a specific statutory provision authorizing plain error review for the trial court's dismissal after a defendant has pleaded guilty, Brown's claim was waived for appellate review.[2]

Accordingly, for the reasons stated above, we affirm the trial court's order of dismissal.

*Judgment affirmed. Rickman, C. J., and Pipkin, J., concur.*

---

[2] To be clear, we do not construe Brown's response, "I can't stop them," as affirmatively agreeing or consenting to the dismissal because the failure to argue a specific issue is not synonymous with consent or agreement. See *Sanders v. State*, 358 Ga. App. 241, 245 (1) (855 SE2d 19) (2021) ("There is no bright-line rule establishing that the absence of an objection[,] standing alone, automatically equates to consent in all cases.") (citation and punctuation omitted); see also *U. S. v. McIntosh*, 580 F3d 1222, 1226-1229 (I) - (III) (11th Cir. 2009) (trial counsel's response to the government's dismissal of an indictment after the defendant's guilty plea that he would "le[ave] it to the government to go examine its options and make a choice," did not consent to the dismissal in light of the circumstances despite the lack of a formal objection). Instead, all that we decide today is that the specific argument Brown asserts on appeal was not presented to the trial court below for its consideration, and thus the issue was not properly preserved for our review. Nothing in our opinion should be read to express an opinion on whether Brown can raise the issue of double jeopardy in any future prosecution based on this same conduct.