## A09A0008. HUGHES v. THE STATE.
(676 SE2d 852)

JOHNSON, Presiding Judge.

A jury found William Hughes guilty of possession of methamphetamine with intent to sell, possession of marijuana with intent to sell, fleeing to elude a police officer, driving with a suspended license, and obstruction of a law enforcement officer. Hughes appeals, alleging the trial court erred in denying his motion for a directed verdict as to the possession of marijuana with intent to sell charge. We find no error and affirm Hughes' convictions.

A motion for a directed verdict should be granted only when there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law.[1] The standard of review for the denial of a motion for a directed verdict of acquittal is the same as for determining the sufficiency of the evidence to support a conviction: the evidence must be sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense.[2] The evidence must be viewed in the light most favorable to support the verdict and the defendant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine the credibility of witnesses.[3]

Viewed in that light, the evidence at trial showed that Hughes fled from a vehicle, leaving behind two ounces of marijuana in two separate bags, a set of electronic scales, and baggies. In addition, a detective with over one thousand hours of training in narcotics investigation, drug identification, including marijuana, and undercover operations, testified that based on his training and experience in over several hundred marijuana cases, any amount over an ounce of marijuana, coupled with packaging and weighing devices, would indicate possession with intent to distribute.

Hughes contends the trial court should have granted his motion for a directed verdict because the small amount of drugs and drug paraphernalia found in the car were sufficient to rebut any presumption of intent to distribute marijuana. He argues that the drug

---

[1] See *Sandoval v. State*, 260 Ga. App. 61, 63 (1) (579 SE2d 75) (2003).

[2] See *King v. State*, 238 Ga. App. 575 (1) (519 SE2d 500) (1999).

[3] Id.

paraphernalia all pertained to the methamphetamine found, not the marijuana. We disagree.

Mere possession of marijuana does not prove an intent to distribute.[4] However, the issue of intent is peculiarly a question of fact for jury determination.[5] In the present case, unlike the cases cited by Hughes,[6] we have additional evidence of intent to sell in the form of quantity, scales, and expert testimony. While the detective was not formally tendered as an expert, the trial judge "tacitly or impliedly accepted the witness as an expert" when he allowed the detective to testify as to his opinions in the area of marijuana possession and distribution.[7] The physical evidence and expert opinion testimony provided sufficient evidence from which a jury could infer that Hughes intended to sell the marijuana in his possession.[8] The trial court did not err in denying Hughes' motion for a directed verdict on this count.

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED MARCH 31, 2009.

*Mary Erickson*, for appellant.
*Kermit N. McManus, District Attorney, Dixon A. Lackey III, Assistant District Attorney*, for appellee.

---

[4] See *Bussey v. State*, 263 Ga. App. 56, 59 (1) (b) (587 SE2d 134) (2003).

[5] Id.

[6] *Parris v. State*, 226 Ga. App. 854, 856 (487 SE2d 690) (1997); *James v. State*, 214 Ga. App. 763, 764 (1) (449 SE2d 126) (1994).

[7] *Fielding v. State*, 278 Ga. 309, 311 (3) (602 SE2d 597) (2004).

[8] See *Aldridge v. State*, 237 Ga. App. 209, 212 (1) (515 SE2d 397) (1999).