FINAL COPY
295 Ga. 442

S14A0941.  BATTEN v. THE STATE.

THOMPSON, Chief Justice.

Appellant, Devarryl Jacobie Batten, was convicted of malice murder and other crimes in connection with the shooting death of Donald Driver.[1]  He appeals, asserting, inter alia, the trial court erred in failing to grant his motion for new trial because the evidence was insufficient to support the verdict.  Finding no error, we affirm.

The victim and his girlfriend, Michelle Failds, went to visit the victim's aunt at her apartment.  Outside the apartment, the victim and Failds encountered a group of people participating in a rap performance.  After a brief visit with his aunt, the victim and Failds returned to the performance.  During a break, the couple attempted to purchase one of the group's CDs.  A performer, Jeremy

---

[1] The crime occurred on April 11, 2010.  On June 8, 2010, appellant was indicted by a Spalding County grand jury for malice murder, felony murder, aggravated assault, and possession of a firearm during the commission of a crime.  Following a jury trial, appellant was found guilty on all counts and sentenced to life in prison for malice murder.  The remaining counts were vacated and merged as a matter of law.  Malcolm v. State, 263 Ga. 369 (434 SE2d 479) (1993).  Appellant was granted leave to file an out-of-time motion for a new trial which was denied on January 15, 2014.  Appellant filed a timely notice of appeal.  The case was docketed in this Court for the April 2014 term and submitted for decision on the briefs.

Taylor, informed the couple that a CD could be purchased for five dollars. The couple bartered with Taylor, agreeing to exchange an alcoholic beverage and a few dollars for a CD. The victim then attempted to obtain the CD from appellant, the "producer" of the rap group, who refused to exchange the CD for anything less than five dollars. A heated argument ensued, and another member of the group, Billy Joe Taylor, physically attacked the victim; a fight broke out. Appellant stated that he would not join the fight, but would use his gun instead. Moments later, appellant pulled out a gun and fired one or more shots. When the crowd cleared, the victim was found on the pavement with a gunshot wound to the leg, which led to his death in a matter of minutes.

1. Appellant contends the evidence was insufficient to support the verdict because it rested on the testimony of witnesses who were related to, or friends of, the victim and had no connection to appellant or his friends. We cannot accept this contention.

On criminal appeal, appellant is no longer presumed innocent and all of the evidence is to be viewed in the light most favorable to the jury verdict. Caldwell v. State, 263 Ga. 560, 562 (436 SE2d 488) (1993). This Court does not reconsider evidence or attempt to confirm the accuracy of testimony. Id.

2

Assessing a witness's credibility is the responsibility of the factfinder, not this Court. Hampton v. State, 272 Ga. 284, 285 (527 SE2d 872) (2000); Kelly v. State, 270 Ga. 523, 525 (511 SE2d 169) (1999).

Appellant further contends the trial court erred in its denial of appellant's motion for new trial because the verdict was contrary to the evidence and the principles of justice and equity. Under OCGA §§ 5-5-20, 5-5-21, the presiding judge may grant a new trial when a jury verdict is found contrary to the evidence and the principles of justice and equity or when the verdict is against the weight of the evidence. The trial court's discretion in this regard "should be exercised with caution, and the power to grant a new trial on this should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict." Alvelo v. State, 288 Ga. 437, 438 (704 SE2d 787) (2011). See also Choisnet v. State, 292 Ga. 860 (742 SE2d 476) (2013).

> The decision to grant a new trial on grounds that the verdict is strongly against the evidence is one that is solely in the discretion of the trial court. [Cit.] . . . Whether an appellant is asking this court to review a lower court's refusal to grant a new trial or its refusal to grant a motion for directed verdict, this court can only review the case under the standard espoused in Jackson v. Virginia, 443 U.S. 307 (99 SC 2781, 61 LE2d 560) (1979) to determine if the evidence, when viewed in the light most favorable to the prosecution, supports the verdict. [Cit.]

Willis v. State, 263 Ga. 597 (1) (436 SE2d 204) (1993).

This Court reviews the sufficiency of the evidence and not its weight. Smith v. State, 265 Ga. 495, 496 (458 SE2d 347) (1995). Two witnesses heard appellant threaten to use a gun moments prior to the shooting, and eyewitnesses saw appellant shoot the victim. It was within the jury's province to find these witnesses credible. Hampton, 272 Ga. at 285. We conclude, therefore, that the evidence was sufficient to enable any rational trier of fact to find appellant guilty beyond a reasonable doubt of malice murder, and the trial court did not err when it denied appellant's motion for new trial. See Jackson v. Virginia, supra.

2. Appellant contends the trial court erred in allowing Investigator John Hayes to answer questions that went to the ultimate issue of the case. In this regard, appellant argued testimony from Hayes (confirming appellant was called "Chico") was improper because that determination should have been reserved for the jury. Likewise, appellant argued testimony from Hayes identifying appellant, ". . . as the person who [Hayes arrested for] committ[ing] this murder," was an issue to be decided by the jury. However, trial counsel did not object to these questions, and the issue is not preserved for review. Quintanilla

4

v. State, 273 Ga. 20 (537 SE2d 352) (2000); Earnest v. State, 262 Ga. 494 (422 SE2d 188) (1992).

3. Appellant contends trial counsel rendered ineffective assistance because (a) counsel failed to object to testimony going to the ultimate issue of guilt; and (b) counsel failed to highlight that the four witnesses who identified appellant as the shooter were friends or relations of the victim.

To succeed on one or both of these arguments, appellant must show both that his counsel's performance was deficient and that, but for counsel's unprofessional errors, there is a reasonable probability the outcome of the trial would have been different. Strickland v. Washington, 466 U. S. 668, 687 (104 SCt 2052, 80 LE2d 674) (1984). As to the first prong of Strickland, counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. It is the appellant's "heavy" burden to prove the ineffective assistance of counsel, not the state's burden to prove the adequate assistance of counsel. Young v. State, 292 Ga. 443, 445 (738 SE2d 575) (2013). Appellant has not met this burden.

(a) "Ordinarily, a witness may not express his opinion as to an ultimate

5

fact, because to do so would invade the province of the jury." <u>Fordham v. State</u>, 254 Ga. 59, 59 (325 SE2d 755) (1985). Hayes' testimony was not an improper comment on the ultimate issue. The ultimate issue for the jury was whether appellant shot the victim, not whether appellant was called "Chico" nor whether Hayes arrested him for shooting the victim. Moreover, the nature of Hayes' testimony was harmless. Hayes' testimony confirming appellant was called "Chico" was cumulative of other evidence. Additionally, Hayes' positive identification of appellant as the man he arrested was without consequence. The jury could reasonably infer appellant, who was on trial for shooting the victim, was arrested for that crime.

(b) During cross-examination, trial counsel did highlight the fact that witnesses who identified appellant were relations of, or friends with, the victim. Furthermore, the potential for bias in the witnesses' testimony was highlighted by trial counsel in his closing statement. Misgivings over trial counsel's cross-examination or closing argument do not provide a basis for reversal. <u>Moon v. State</u>, 288 Ga. 508, 516 (705 SE2d 649) (2011). That alternative counsel would have questioned witnesses differently does not approach ineffective assistance of counsel. Id. "Trial strategy and tactics do not equate with ineffective

assistance." <u>Henderson v. State</u>, 303 Ga. App. 898, 901 (695 SE2d 334) (2010).

Judgment affirmed. All the Justices concur.

Decided June 30, 2014.

Murder. Spalding Superior Court. Before Judge Edwards.

<u>James E. Bischoff</u>, for appellant.

<u>Scott L. Ballard, District Attorney, Robert W. Smith, Jr., Assistant District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Vicki S. Bass, Assistant Attorney General</u>, for appellee.