**FOURTH DIVISION
BARNES, P. J.,
MCMILLIAN and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 22, 2016**

# In the Court of Appeals of Georgia

A15A1849. SMITH v. THE STATE.

MCMILLIAN, Judge.

Robbie Smith was convicted by a jury of possession of cocaine with intent to distribute, possession of marijuana with intent to distribute,[1] theft by receiving stolen property, two counts of fleeing and attempting to elude, obstruction of a law enforcement officer, operating a motor vehicle with a suspended license, and two counts of possession of a firearm during the commission of a crime. Smith appeals following the denial of his motion for new trial, as amended, arguing the trial court should have granted his motion for directed verdict as to the drug distribution charges, the trial court erred in permitting a police officer to give his opinion

---

[1] We will refer to the first two offenses collectively as the "drug distribution" charges or counts.

concerning Smith's intent to distribute the drugs, and that his trial counsel was ineffective because he did not object to the testimony of the police officer. As more fully set forth below, we find these contentions to be without merit and affirm.

1. Smith first contends that the trial court erred by denying his motion for directed verdict as to the drug distribution charges.

> A motion for directed verdict should be granted only when there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law. The standard of review for the denial of a motion for a directed verdict of acquittal is the same as for determining the sufficiency of the evidence to support a conviction: the evidence must be sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense. The evidence must be reviewed in the light most favorable to support the verdict and the defendant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine the credibility of witnesses.

(Citations omitted.) *Hughes v. State*, 297 Ga. App. 217, 217 (676 SE2d 852) (2009). Viewed in this light, the evidence at trial shows that Smith was arrested after attempting to evade a routine "license/safety check" police road block, an ensuing high speed vehicle chase, and an attempt to elude pursuing law enforcement officers on foot after he stopped and exited his vehicle. Officers found a nine-millimeter

2

handgun with an extended clip, which holds extra rounds, sitting on the passenger seat of Smith's car, and further inspection revealed that there was a live round in the chamber. Police also learned that the weapon was stolen and Smith's driver's license was suspended. In addition to the gun, police officers found two marijuana "joints" in an ashtray inside the vehicle.

Police officers also searched along the path Smith ran after he exited his vehicle. Strewn along the path, officers discovered five bags containing a green leafy substance subsequently identified as marijuana; one of the five bags contained 45.3 grams of marijuana, and the other four bags each contained approximately 0.9 grams of marijuana. Officers also found eight individual bags containing what was subsequently identified as cocaine; two of the bags contained a more "chunky solid" form of cocaine weighing 2.51 grams and the other six bags contained a more powdered form of cocaine, with a total weight of 2.25 grams. Deputy Charles Smith, who was one of the officers who pursued Smith when he attempted to elude police, testified without objection at trial that "usually in my line of work, in my knowledge and experience, with the amount of narcotics that was discovered, it's usually broken up like that for distribution purposes." Following this testimony, Smith moved for a directed verdict, which the trial court denied.

3

Smith now argues that the trial court should have granted his motion because the State's only evidence of intent to distribute was based on the multiple bags of the drugs and Officer Smith's non-expert opinion testimony.

> Although the State is required to show more than mere possession to prove that [the defendant] intended to distribute the cocaine, no bright line rule exists regarding the amount. . . . Rather, the State may show intent to distribute in many ways, including expert testimony that the amount of contraband possessed was inconsistent with personal use, evidence showing the manner of packaging, and the possession [of weapons]. The issue of intent is peculiarly a question of fact for jury determination.

(Citations and punctuation omitted.) *Barber v. State*, 317 Ga. App. 600, 605 (3) (732 SE2d 125) (2012). Here, the defendant possessed two different type of drugs and the cocaine he possessed was in two different forms. A large quantity of marijuana was found in one bag, while smaller and similar quantities of the drug were found in other bags. In addition to the marijuana, Smith also possessed two different forms of cocaine divided into eight individual bags. Deputy Smith testified, without objection, that the quantity and packaging of the drugs was indicative of drug distribution, and this testimony was based on his training and experience. Further, although it is true that Deputy Smith was not formally tendered as an expert, the trial court tacitly or

4

impliedly accepted him as such when he allowed the officer to testify concerning his opinion in the areas of narcotics possession and distribution.[2] See *Barber*, 317 Ga. App. at 605 (3) (police officer may give opinion as to whether the amount or value of the contraband is consistent with distribution, provided the State lays a foundation for the opinion); *Hughes*, 297 Ga. App. at 218.

Moreover, in addition to the officer's testimony, the evidence also shows that Smith engaged in a high-speed, dangerous chase and then attempted to flee from police on foot and that a nine-millimeter, loaded handgun with a bullet in the chamber was found in the front passenger seat after Smith fled from the car. *Causey v. State*, 274 Ga. App. 506, 508 (618 SE2d 127) (2005) (loaded weapon, large quantity of narcotics and cash constituted evidence of involvement in drug trade); see generally *State v. Jackson*, 287 Ga. 646, 652 (697 SE2d 757) (2010) (noting that it "not unusual" for drug dealers to be armed). This evidence, coupled with other evidence at trial, was sufficient to support Smith's conviction of possession of cocaine and

---

[2] Smith recognizes that a law enforcement officer may be permitted to offer opinion testimony, even if not formally tendered as an expert, if an adequate foundation is laid with respect to the officer's training and experience, but goes on to argue that an adequate foundation was not laid for the officer's testimony in this case. However, as more fully set out in Division 2 below, Smith did not object to the officer's testimony on this ground at trial, and thus any challenge to the officer's testimony on this basis has been waived.

marijuana with intent to distribute beyond a reasonable doubt. See e.g., *Thomas v. State*, 321 Ga. App. 214, 215 (1) (741 SE2d 298) (2013) (evidence sufficient where officer testified quantity and packaging of crack cocaine was more consistent with drug sales instead of personal use, and manner of concealment was typical of "street level" drug dealer); *Horne v. State*, 318 Ga. App. 484, 484 (1) (733 SE2d 487) (2012) (evidence of intent to distribute sufficient where officer testified amount of cocaine was greater than what would normally be kept for personal use and drugs were packaged separately for distribution); *Flemister v. State*, 317 Ga. App. 749, 752 (1) (732 SE2d 810) (2012) (evidence sufficient where officer testified drugs were packaged in a manner commonly associated with the sale of marijuana); *Causey v. State*, 274 Ga. App. at 508 (evidence of intent to distribute when large quantities of drugs, cash, and a weapon found on defendant's person). Accordingly, the trial court did not err by denying Smith's motion for directed verdict on these counts.

2. Smith also contends that the trial court erred by permitting Deputy Smith to give opinion testimony as to the issue of possession with intent to distribute without laying an adequate foundation based on his experience and training. However, as Smith acknowledges in his brief on appeal, his trial counsel failed to object to the officer's testimony on this basis. It is well settled that the failure to make a timely and

6

specific objection to the introduction of evidence at trial is treated as a waiver, and this includes an assertion that the State failed to lay a proper foundation for the admission of evidence at trial. *Slaughter v. State*, 282 Ga. App. 276, 279 (2) (638 SE2d 417) (2006) (failure to raise foundational objection to officer's testimony that the amount and form of drugs was indicative of intent to sell waived appellate review of this issue); see also *Robinson v. State*, 332 Ga. App. 240, 244 (2) (771 SE2d 751) (2015) (contention that State failed to lay proper foundation for introduction of testimony concerning prior arrests waived when not raised in trial court). Accordingly, this enumeration presents nothing for our review.

3. In a related enumeration, Smith argues that his trial counsel was ineffective because he did not object to the State's failure to lay a proper foundation before Deputy Smith was allowed to give his opinion testimony and did not object to this testimony.

To succeed on his ineffectiveness claim, Smith "must show both that his counsel's performance was deficient and that, but for counsel's unprofessional errors, there is a reasonable probability the outcome of the trial would have been different." *Batten v. State*, 295 Ga. 442, 445 (3) (761 SE2d 70) (2014). "It is the appellant's 'heavy' burden to prove the ineffective assistance of counsel, not the state's burden

7

to prove the adequate assistance of counsel." (Citation omitted.) Id. Moreover, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." (Citation and punctuation omitted.) Id.

Smith's trial attorney testified at the motion for new trial hearing that his primary defense strategy was to show that the contraband, which was found on the ground near several apartment complexes, did not belong to Smith. Trial counsel testified that Deputy Smith's testimony was not relevant to this defense, and, moreover, based on the numerous cases he had tried with the prosecuting attorney, he was "confident" that if he had objected, the State's attorney simply would have elicited testimony to "shore up" the foundation for Deputy Smith's testimony. The record also shows that trial counsel did cross-examine Deputy Smith, and that instead of attacking his credentials, attempted to show that his opinion about Smith's intent in possessing the drugs was ill-founded.

"As a general rule, matters of reasonable tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel." *Barber*, 317 Ga. App. at 604 (2) (b) (no ineffectiveness because reasonable trial strategy not to object when officer asked to explain difference between simple possession and possession with

8

intent to distribute when trial strategy was that defendant did not possess the drugs).

That Smith now disagrees "with the decisions, tactics, or strategies made by trial counsel does not demonstrate that [his] trial counsel rendered ineffective assistance." (Citation and punctuation omitted.) *Harris v. State*, 257 Ga. App. 819, 823 (2) (b) (572 SE2d 370) (2002). Moreover, Smith did not attempt to make any showing on motion for new trial that Deputy Smith was not qualified by training and experience to give his opinion, which was his burden, rather than the State's, to carry to prove his ineffectiveness claim. Accordingly, this enumeration affords no basis for reversal.

*Judgment affirmed. Barnes, P. J., and Mercier, J., concur*.