**FOURTH DIVISION**
**DILLARD, C. J.,**
**RAY and SELF, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 28, 2018**

# In the Court of Appeals of Georgia

A17A1782. LEGREE v. THE STATE.

RAY, Judge.

Following a bench trial, Ronald R. Legree was convicted on one count of family violence battery. He appeals from his conviction, contending that the State failed to show that the victim and the eyewitness were unavailable to testify at trial and that the admission of their out-of-court statements violated his Sixth Amendment right to confrontation. Legree further contends that the evidence was insufficient to support his conviction and that he had ineffective assistance of trial counsel. For the reasons that follow, we reverse Legree's conviction and remand for a new trial.

On appeal from a criminal conviction following a bench trial, the defendant "is no longer presumed innocent and all of the evidence is to be viewed in the light most

favorable to the [trial court's] verdict." (Citation omitted.) *Batten v. State*, 295 Ga. 442, 443 (1) (761 SE2d 70) (2014).

Here, the evidence shows that on May 23, 2013, the Savannah-Chatham County police department received a 9-1-1 call from a woman identifying herself as "Ramona Legree," who was Legree's wife (hereinafter "the victim"). The victim was seeking police assistance because her husband, Legree, had just choked her. The victim stated that she just ran outside of the house and that she was currently hiding in the bushes because Legree was still walking around looking for her.

Approximately six minutes after the 9-1-1 call, a police officer arrived on the scene and encountered Legree alone outside the residence. The officer spoke briefly to Legree, then asked him to stand by while the officer went to speak with the victim, who was now inside the residence. Upon questioning, the victim informed the officer that she and Legree had gotten into an argument that had turned physical and that Legree had grabbed her by the throat and forced her down onto a couch. The officer observed what appeared to be the early onset of bruising on the victim's collar bone, which was consistent with being recently choked during an altercation. The officer then questioned the minor child who was in the residence, who stated that he had been awakened by the sound of his parents arguing and that he came out of his room

2

and saw Legree on top of the victim with his hands around her throat, pushing her into the couch. The minor child also told the officer that his brother broke up the fight between Legree and the victim. Based on the statements that the police officer obtained from the victim and the minor child and the visible bruising on the victim's collar bone, the police officer determined that Legree was the primary aggressor and placed him under arrest.

Prior to the bench trial, the State provided Legree with notice of its intent to introduce the 9-1-1 recording as a business record pursuant to OCGA § 24-8-803 (6) and OCGA § 24-9-902 (11). The 9-1-1 recording was accompanied by several documents relating to the call, including a certification from the records custodian at the 9-1-1 communications center and a copy of the dispatch report (known as a CAD report). After a hearing, the trial court denied Legree's motion in limine seeking the exclusion of such evidence, finding that the recording was admissible as a business record and that statements made by the victim during the 9-1-1 call were non-testimonial because they were made during an ongoing emergency for the purpose of obtaining police assistance.

Neither the victim nor the minor child testified at the bench trial, and the State made no showing as to why they were not available. Rather, the State argued that the

3

victim and the minor child's out-of-court statements to the police officer were non-testimonial and, thus, were not subject to constitutional scrutiny. Further, the State argued that the statements qualified as exceptions to the hearsay rule as present sense impressions under OCGA § 24-8-803 (1). Ultimately, the trial court ruled that the police officer's testimony regarding the victim and the minor child's out-of-court statements was admissible. The police officer was the only witness to testify at trial. After considering the 9-1-1 recording and the police officer's testimony, the trial court found Legree guilty of family violence battery, and this appeal ensued.

1. Legree first argues that his constitutional right to confront his accusers was violated when the State failed to show that the victim and the minor child were unavailable to testify at trial and their out-of-court statements to the police officer at the scene were admitted into evidence over objection. We agree.

The Sixth Amendment to the United States Constitution, as well as Article I of the Georgia Constitution, guarantees a criminal defendant the right "to be confronted with the witnesses against him [.]" U.S. Constitution, Amend. VI; see also Ga. Const. of 1983, Art. I, Sec. I, Para. XIV. In *Crawford v. Washington*, 541 U. S. 36, 68 (V) (C) (124 SCt 1354, 158 LEd 2d 177) (2004), the United States Supreme Court held that the admission of out-of-court statements that are testimonial in nature violates

4

the Confrontation Clause *unless* the declarant is unavailable and the defendant had a prior opportunity for cross-examination. Under Georgia law, a declarant is "unavailable" as a witness when, inter alia, he or she (i) is exempted from testifying by ruling of the trial court on the ground of privilege or (ii) is absent from the proceedings and the proponent of the statements has been unable to procure the declarant's attendance by process or other reasonable means. See OCGA § 24-8-804 (a) (1), (5). Furthermore, "[a] declarant shall not be deemed unavailable as a witness if the declarant's . . . absence is due to the procurement or wrongdoing of the proponent of a statement for the purpose of preventing the witness from attending or testifying." OCGA § 24-8-804 (a). In the instant case, there is nothing in the record to indicate why the victim and the minor child were absent from the trial proceedings, nor is there any showing as to what efforts were made by the State to secure their attendance at trial so that their testimony could be subject to cross-examination.

However, when the out-of-court statements at issue are non-testimonial in nature, the "normal rules regarding the admission of hearsay apply." (Citation and punctuation omitted.) *Thomas v. State*, 284 Ga. 540, 543-544 (2) (668 SE2d 711) (2008). One such exception, at issue here, is that for present sense impressions under OCGA § 24-8-803 (1), which authorizes the admissibility of "[a] statement describing

5

or explaining an event or condition made while the declarant was perceiving the event or condition or immediately thereafter[.]" Notably, non-testimonial statements that are deemed "present sense impressions" are admissible "whether or not the declarant is or has been available for cross-examination." *Owens v. State*, 329 Ga. App. 455, 458 (1) (b) (765 SE2d 653) (2014).

Thus, our analysis of whether Legree's constitutional rights to confrontation were violated under *Crawford*, supra, turns on whether the victim and minor child's out-of-court statements to the police officer at the scene were "testimonial" or "non-testimonial" in nature.

> Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

(Citation omitted.) *Thomas*, supra at 543 (2). Accord *Davis v. Washington*, 547 U. S. 813, 822 (II) (126 SCt 2266, 165 LE2d 224) (2006). Our courts have interpreted "testimonial" statements to include those statements made by witnesses to police officers investigating a crime. For example, in *Moody v. State*, 277 Ga. 676, 679-680

6

(4) (594 SE2d 350) (2004), the Supreme Court of Georgia held that a statement made to a police officer during his questioning of a witness shortly after the commission of the crime was testimonial. Similarly, in *Pitts v. State*, 272 Ga. App. 182, 185-187 (2) (612 SE2d 1) (2005), we held that statements the victim made to deputies after they arrived on the scene in response to a 9-1-1 call were testimonial since there was no longer an ongoing emergency and the statements resulted from police questioning during the investigation of the crime.

After *Moody*, supra, and *Pitts*, supra, however, the Supreme Court of the United States issued its decision in *Michigan v. Bryant*, 562 U. S. 344 (131 SCt 1143, 179 LE2d 93) (2011), which expanded the framework for analyzing whether a witness's out-of-court statement to law enforcement during an investigation is testimonial or non-testimonial. This analytical framework is still one that seeks to discern the "primary purpose" behind the witness's out-of-court statement, but it now requires an objective evaluation of the circumstances in which the interrogation occurred and the statements and actions of the respective participants. Id. at 370 (IV). "The existence of an emergency or the parties' perception that an emergency is ongoing is among the most important circumstances that courts must take into account in determining whether an interrogation is testimonial[.]" Id. But there may

7

be other circumstances, aside from ongoing emergencies, when an out-of-court statement is not procured for primary purpose of establishing or proving past events potentially relevant to a criminal prosecution. Id. at 358 (II). Where no such primary purpose exists, standard rules regarding the admissibility of hearsay will be relevant. Id. at 358-359 (II).

Here, when the police officer arrived on the scene in response to the 9-1-1 call, he encountered Legree alone outside of the residence. The officer testified that he started to get a "brief story" from Legree, but then asked Legree to stand by while he went inside the residence to talk to the complainant (victim). Such circumstances do not indicate that any crime was in progress at this point, or that there was an ongoing emergency with regard to the domestic dispute. Rather, these circumstances are indicative of the police officer's efforts to gather information to determine if a crime had been committed. Although the officer did not testify as to his perception of the victim's demeanor at the time of the questioning or the specific questions he asked of her, his testimony indicates that the victim gave him all of the background facts leading up to the incident, as well as the specific facts regarding the physical assault. After observing the victim's injuries, which were consistent with the victim's account of the physical assault, the officer then proceeded to obtain a statement from the

parties' minor child, who was an eyewitness. During the time the victim and minor child were being questioned by the police officer, Legree remained at the residence at the officer's request and posed no apparent threat to anyone, and the victim and the minor child made statements to the officer under circumstances which objectively indicate that the primary purpose of the interrogation was to establish the facts necessary for criminal prosecution. See *Pitts*, supra at 186 (2). Compare *Philpot v. State*, 309 Ga. App. 196, 205 (1) (c) (709 SE2d 831) (2011) (where police officer responded to victim's 9-1-1 call within a few minutes and found victim to still be "shaken up" from her confrontation with the armed burglar, and where the armed burglar had just fled the scene and posed a serious threat to the public, victim's statements to the officer were non-testimonial because statements had sufficient indicia of reliability and were primarily offered to enable police assistance to meet an ongoing emergency). Such circumstances are not present in this case. Therefore, under *Crawford* and its progeny, we are constrained to hold that the admission at trial of the victim's and the minor child's statements to the police officer infringed upon Legree's constitutional right to confront the witnesses against him, since he had not had a prior opportunity to cross-examine the declarants about the contents of the hearsay statements. See *Pitts*, supra at 186-187 (2).

9

The victim's statements during the 9-1-1 call, however, do not come within the ambit of *Crawford*. These statements were made while the incident was ongoing. In the 9-1-1 call, the victim stated that Legree had just choked her, that she ran outside of the house, and that she was currently hiding in the bushes because Legree was walking around looking for her. These statements were made for the primary purpose of preventing the continuation of the domestic violence that was apparently occurring at that time, not for the purpose of establishing a past fact. Accordingly, we agree with the trial court that the victim's statements in the 9-1-1 call were non-testimonial. See *Pitts*, supra at 187 (2). Furthermore, as the entirety of the 9-1-1 call took place while the victim was perceiving the present danger posed to her by Legree, the statements therein were admissible under the present sense impression exception to the hearsay rule under OCGA § 24-8-803 (1). See *Owens*, supra at 459 (1) (b).

Although the admission of the 9-1-1 recording into evidence and the police officer's testimony concerning the injuries he observed on the victim at the scene was sufficient to support Legree's conviction, we cannot definitively say that the error in admitting the victim and minor child's out-of-court statements to the police officer during his investigation of the incident was harmless. In so holding, we note that the trial court specifically relied on the victim and the minor child's out-of-court

statements to the police officer in rendering its judgment of conviction. Accordingly, we reverse Legree's conviction and remand the case for a new trial. See *Freeman v. State*, 329 Ga. App. 429, 433-438 (2) (765 SE2d 631) (2014) (erroneous admission of hearsay statements in violation of Confrontation Clause did not raise double jeopardy bar to retrial where evidence was otherwise sufficient).

2. Based on our holding in Division 1, we need not address Legree's remaining arguments.

*Judgment reversed and remanded. Dillard, C. J., and Self, J., concur.*